# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 13 |
| | Case No. 26-10372-DJB |
| **TARANI A. JOHNSON,** | |
| Debtor. | Honorable Derek J. Baker |

## DEBTOR'S RESPONSE AND OBJECTION TO
## TRUSTEE'S AMENDED MOTION TO DISMISS

Debtor, Tarani A. Johnson ("Debtor"), respectfully submits this Response and Objection to the Chapter 13 Trustee's Amended Motion to Dismiss pursuant to 11 U.S.C. § 1307, and in support thereof avers as follows:

### PRELIMINARY STATEMENT

The Trustee's Amended Motion to Dismiss rests upon three grounds: (1) alleged noncompliance with mandatory document requirements; (2) failure to commence or continue plan payments under 11 U.S.C. § 1326; and (3) alleged plan infeasibility based upon filed proofs of claim. As demonstrated herein, the documentary deficiencies have been cured or are in the process of being cured; the plan payment issue has been resolved; and feasibility cannot be finally adjudicated while the validity, enforceability, and allowable amounts of the major claims in this case remain actively disputed. Dismissal at this juncture would be premature, inequitable, and contrary to the rehabilitative purpose of Chapter 13.

### FACTUAL BACKGROUND

1.     The Debtor commenced the above-captioned Chapter 13 case on January 30, 2026.

2.     On April 22, 2026, the Chapter 13 Trustee filed an Amended Motion to Dismiss alleging, inter alia:

   (a) noncompliance with mandatory document submission requirements;

   (b) failure to commence or continue payments under 11 U.S.C. § 1326; and

   (c) alleged infeasibility of the current Chapter 13 Plan based upon filed proofs of claim.

3.     Each ground raised by the Trustee is addressed in turn below. The Debtor respectfully submits that dismissal is not warranted and that the Court should permit the case to proceed.

## ARGUMENT

### I.    DOCUMENT COMPLIANCE

4.    The Debtor has filed the Chapter 13 Plan and accompanying schedules in compliance with applicable requirements.

5.    The Debtor has supplied, or is in the process of supplying, the requested identification and Social Security verification information to the Trustee.

6.    The Debtor has cooperated with the Trustee throughout this proceeding and continues to act in good faith to cure any remaining administrative deficiencies.

7.    The Debtor does not operate an independently-owned business enterprise requiring ongoing business operations reporting. The Debtor's income is derived from ministry-related activities and rental income.

8.    To the extent any questionnaire responses or informational submissions remain outstanding, the Debtor is actively cooperating with the Trustee to resolve such matters expeditiously.

### II.    PLAN PAYMENT COMPLIANCE UNDER 11 U.S.C. § 1326

9.    The Trustee's Motion alleges that the Debtor failed to commence or continue timely plan payments as required by 11 U.S.C. § 1326.

10.    The Debtor respectfully submits that the required Trustee payment was in fact made. The Trustee's concern appears limited to a request for supporting payment verification—specifically, receipt and/or money order confirmation—which the Debtor is providing.

11.    Accordingly, the alleged payment deficiency has been cured or is otherwise resolved, and this ground does not independently support dismissal.

### III.    TAX RETURN RECONCILIATION

12.    The Debtor acknowledges that certain tax return matters remain pending.

13.    The Debtor recently identified material discrepancies and irregularities affecting federal and state tax filings for tax years beginning in or about 2018 and continuing thereafter.

22. Additionally, the Debtor anticipates that amended tax filings and related adjustments will materially affect the claim asserted by the Pennsylvania Department of Revenue.

23. Collectively, the foregoing disputed claims constitute the overwhelming majority of the alleged secured and unsecured debt asserted in this case. Until the validity, enforceability, secured status, and allowable amounts of these claims are resolved through the claim objection process, feasibility cannot be accurately or finally determined.

24. Courts in this Circuit recognize that feasibility is not a static determination and must be assessed in light of the actual, allowable claims that will ultimately be administered under the plan. Dismissal based on facial claim amounts—before disputed claims are adjudicated—would deny the Debtor a meaningful opportunity to demonstrate plan feasibility.

25. The Debtor is prosecuting this bankruptcy case diligently and in good faith, and is actively working to resolve all outstanding issues with the Trustee and creditors.

26. Dismissal at this stage would cause substantial prejudice to the Debtor while the core contested matters central to feasibility remain unresolved, and would undermine the rehabilitative purpose of Chapter 13.

## **WHEREFORE**

For all of the foregoing reasons, Debtor Tarani A. Johnson respectfully requests that this Honorable Court:

**A.** DENY the Trustee's Amended Motion to Dismiss;

**B.** Permit the Debtor reasonable additional time to complete all curative actions, including the submission of outstanding documentation and the reconciliation and amendment of prior tax returns;

**C.** Allow the pending and forthcoming claim objections and contested matters—including those concerning Claim Nos. 6, 9, and 11, and the Pennsylvania Department of Revenue claim—to proceed to resolution before any final feasibility determination is made; and

**D.** Grant such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted this May 7, 2026

Bye: //cs /s/ johnson tarani, *sui juris*
     **Tarani-Alike Johnson**

## CERTIFICATE OF SERVICE

I, Tarani-Alike Johnson, hereby certify that on the date indicated below, I caused a true and correct copy of the foregoing Debtor's Response and Objection to Trustee's Amended Motion to Dismiss to be served upon the following parties via the Court's Electronic Case Filing (CM/ECF) system and/or first-class U.S. Mail, postage prepaid:

**Kenneth E. West, Esquire**
Chapter 13 Standing Trustee
190 N. Independence Mall West, Suite 701
Philadelphia, PA 19106

**Office of the United States Trustee**
Region 3 – Eastern District of Pennsylvania
The Curtis Center, 601 Walnut Street, Suite 950 West
Philadelphia, PA 19106

All other parties registered to receive electronic notice via CM/ECF in the above-captioned case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Bye: /cs: Johnson, tarani-alike, sui juris
**Tarani-Alike Johnson,** *sui juris*

Date: 5/7/2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:

TARANI A. JOHNSON,
Debtor.

Chapter 13
Case No. 26-10372-DJB

Honorable Derek J. Baker

## ORDER DENYING TRUSTEE'S AMENDED MOTION TO DISMISS

AND NOW, this ____ day of _____, 2026, upon consideration of the Chapter 13 Trustee's Amended Motion to Dismiss Pursuant to 11 U.S.C. § 1307 (the "Motion"), the Debtor's Response and Objection thereto, and the arguments and representations of the parties at the hearing held thereon, and for good cause shown, it is hereby **ORDERED** as follows:

1.    The Trustee's Amended Motion to Dismiss is **DENIED WITHOUT PREJUDICE**.

2.    The Debtor shall continue to cooperate with the Chapter 13 Trustee with respect to all outstanding administrative and document submission requirements, and shall cure any remaining deficiencies within _____ (__) days of the entry of this Order.

3.    The Debtor shall be afforded reasonable additional time to complete the reconciliation of outstanding federal and state tax matters, including the preparation and filing of amended returns affected by identity theft and/or prior reporting discrepancies, with progress to be reported to the Trustee on or before _____, **2026**.

4.    The Court recognizes that substantial claims in this case—including but not limited to Claim No. 6 (Wells Fargo Bank, N.A.), Claim No. 9 (U.S. Bank Trust National Association as Trustee for VRMTG Asset Trust), and Claim No. 11 (LVNV Funding, LLC)—are actively disputed through pending and forthcoming claim objections and related contested matters concerning standing, enforceability, lien validity, satisfaction, accounting, and secured status.

5.    Any final determination as to the feasibility of the Debtor's Chapter 13 Plan shall be deferred pending resolution of the disputed claims and contested matters identified in paragraph 4 of this Order. The Trustee's right to seek dismissal on feasibility grounds is expressly preserved upon the conclusion of such proceedings.

6.    This Court retains jurisdiction over all matters arising from or related to this Order, including enforcement thereof.


BY THE COURT


_____
**HONORABLE DEREK J. BAKER**
United States Bankruptcy Court
Eastern District of Pennsylvania