## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

IN RE:

**TARANI A. JOHNSON,**
    Debtor.

**WELLS FARGO BANK, N.A.,**
    Movant/Claimant,

v.

**TARANI A. JOHNSON, Debtor,**
**KENNETH E. WEST, Trustee,**
    Respondents.

**Chapter 13**
**Case No. 26-10372-djb**
**Judge Derek J. Baker**
**Hearing: May 20, 2026**

---

## PLEA OF ABATEMENT AND
## DEMAND FOR MANDATORY JUDICIAL REVIEW OF
## CONSTITUTIONAL THRESHOLD ISSUES OF STANDING
## PRIOR TO ANY MERITS ADJUDICATION

*[Filed as Supplement to Amended Debtor's Objection to Proof of Claim and in Opposition to Motion for Relief from Automatic Stay]*

---

## MANDATORY JUDICIAL NOTICE OF STATUTORY AND CASE AUTHORITY

Debtor hereby respectfully requests that this Court take mandatory judicial notice of all statutes and published judicial decisions cited herein pursuant to Federal Rule of Evidence 201, as made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9017.

Federal Rule of Evidence 201(c)(2) provides that the Court must take judicial notice if a party requests it and the Court is supplied with the necessary information. This mandate is not discretionary. While Rule 201(c)(1) permits a court to take judicial notice on its own, Rule 201(c)(2) imposes a mandatory

obligation where, as here, a party makes a proper request and supplies the requisite sources. Debtor hereby makes that request and provides the necessary information. Accordingly, the mandatory standard governs.

The statutes and judicial decisions cited herein constitute adjudicative facts "not subject to reasonable dispute" because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, within the meaning of Federal Rule of Evidence 201(b)(2). Official federal and state statutes are publicly available through government-maintained repositories, including but not limited to congress.gov and official state legislative websites. Decisions of the United States Supreme Court and other federal courts are publicly available through widely recognized legal databases, including supreme.justia.com, law.cornell.edu, and courtlistener.com. These sources constitute the "necessary information" contemplated by Rule 201(c)(2).

Accordingly, this Court is required to take mandatory judicial notice of the cited authorities. In this civil proceeding, the Court must instruct that any judicially noticed fact be accepted as conclusive, pursuant to Federal Rule of Evidence 201(f).

---

## PRELIMINARY STATEMENT

Debtor-Respondent Tarani A. Johnson, sui juris, respectfully submits this Plea of Abatement and Demand for Mandatory Judicial Review of Constitutional Threshold Issues of Standing, and states as follows:

Before this Court may lawfully adjudicate the merits of Wells Fargo Bank, N.A.'s (hereinafter "Wells Fargo" or "Movant") Motion for Prospective In-Rem Relief from Automatic Stay or allow its Proof of Claim to proceed, this Court must first resolve a threshold constitutional issue that strikes at the very foundation of this Court's jurisdiction to act on behalf of pleadings filed by Wells Fargo Bank, N.A.: Does Wells Fargo have standing to invoke the authority of this federal court?

The answer, demonstrated by the sworn testimony elicited at the April 16, 2026 preliminary hearing and by the documentary record now before this Court, is that Wells Fargo has not — and cannot — establish the required standing. Its own witness, presented as an authenticating agent for the Proof of Claim, admitted under oath that he was not sent by the corporate office of Wells Fargo, that he was not the author of the Proof of Claim, that he could not speak to Wells Fargo's tax records or K-1 allocations, that he reviewed

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY JUDICIAL REVIEW

the account only one week before testifying, and — critically — that he could not confirm nor show evidence, with certainty that Debtor's original World Savings Bank account was part of any merger involving Wells Fargo Bank, or its subsidiaries. The Court rightly refused the affidavit proffered by that witness.

These admissions are not procedural technicalities. They are jurisdictional. The Constitution of the United States, as construed by the Supreme Court in an unbroken line of authority dating to 1821, forbids this Court from proceeding to the merits of any claim until standing has been affirmatively established. To do so would be, in the words of Chief Justice John Marshall, "treason to the constitution."

This Plea therefore demands that this Court ABATE all merits proceedings — including the May 20, 2026 hearing on Wells Fargo's Motion for Relief from Stay — and issue Findings of Fact and Conclusions of Law resolving the following constitutional threshold question before any further proceedings: Whether Wells Fargo Bank, N.A. has established, by admissible evidence, that it is the real party in interest and possesses constitutional and statutory standing to prosecute the Proof of Claim filed herein and to seek relief from the automatic stay.

## I. JURISDICTION AND PROCEDURAL BASIS

This Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B) (allowance or disallowance of claims) and 28 U.S.C. § 157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay). Jurisdiction over constitutional standing challenges is inherent and mandatory under Article III.

The right to challenge standing prior to any merits ruling arises from Article III of the Constitution, Fed. R. Bankr. P. 3007, Fed. R. Bankr. P. 4001, Fed. R. Civ. P. 17(a) (applicable via Fed. R. Bankr. P. 7017), and the Court's equitable authority under 11 U.S.C. § 105(a).

Because standing is a threshold constitutional requirement that cannot be waived, cured, or excused, it must be resolved before any merits adjudication. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It must be resolved now.

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY JUDICIAL REVIEW

---

## II. THE CONSTITUTIONAL AUTHORITY — TWO HUNDRED YEARS OF UNBROKEN DOCTRINE

### A. Chief Justice Marshall's Command: Exercising Unjustified Jurisdiction Is Treason to the Constitution

The foundational principle governing this Court's obligation dates to 1821. Chief Justice John Marshall, writing for a unanimous Supreme Court, declared:

> *"We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution."*

> *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404, 5 L. Ed. 257 (1821), quoted with approval in United States v. Will, 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392 (1980) (emphasis added by the Court).

The Supreme Court in *Will* cited this passage with emphasis added — deliberately underscoring both branches of Marshall's declaration. The second branch is directly implicated here. Movant has not established standing. Multiple threshold jurisdictional defects remain unresolved. This Court has not yet determined whether it possesses the authority to adjudicate Wells Fargo's claims. Proceeding to merits adjudication under those circumstances is precisely what Chief Justice Marshall identified: exercising jurisdiction not given. That is treason to the Constitution.

### B. An Unconstitutional Act Is As No Act — Norton v. Shelby County

The Supreme Court established the void ab initio doctrine in 1886:

> *"An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."*

> *Norton v. Shelby County*, 118 U.S. 425, 442 (1886).

Applied here: any order, ruling, or judgment entered by this Court on the merits of Wells Fargo's Proof of Claim or Motion for Relief from Stay — before this Court has established that it possesses jurisdiction to enter such a ruling — is not merely erroneous. It is void. It confers no rights on Movant. It imposes no duties on Debtor. *Norton v. Shelby County* has never been overruled.

### C. Proceedings Under Unconstitutional Authority Are Void — Not Merely Erroneous

The Supreme Court drew the critical distinction between erroneous and void proceedings in 1880:

> *"An unconstitutional law is void, and is as no law. An offence created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment."*

> Ex parte Siebold, 100 U.S. 371, 376-377 (1880).

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY
JUDICIAL REVIEW

The Court further established the direct jurisdictional consequence: "if the laws are unconstitutional and void, the Circuit Court acquired no jurisdiction of the causes." Id. A court proceeding under authority it has not established acquires no jurisdiction. Its proceedings are void — not merely erroneous. An erroneous ruling can be reversed on appeal. A void ruling can be attacked at any time, in any proceeding, in any court.

### D. The Supreme Court Reaffirmed This Doctrine in 1963 and 1980

The Supreme Court confirmed the unbroken vitality of *Siebold* in *Fay v. Noia,* 372 U.S. 391, 408 (1963), and the Marshall "treason to the constitution" passage was again quoted with emphasis in *United States v. Will*, 449 U.S. 200, 216 (1980). This is not historical curiosity. It is living constitutional law.

### III. WELLS FARGO HAS FAILED TO ESTABLISH CONSTITUTIONAL AND STATUTORY STANDING

Standing in federal court requires three elements: (1) injury in fact; (2) causation; and (3) redressability. *Lujan,* 504 U.S. at 560-61. In the bankruptcy context, a party seeking to enforce a secured claim or obtain relief from the automatic stay must additionally demonstrate that it is a real party in interest — i.e., the actual holder or authorized enforcer of the obligation. *In re Veal*, 450 B.R. 897, 912-14 (B.A.P. 9th Cir. 2011); *In re Wilhelm*, 407 B.R. 392, 400-01 (Bankr. D. Idaho 2009).

Wells Fargo has satisfied none of these requirements. The following defects, each independently fatal to its standing, appear from the record:

### A. No Established Real Party in Interest — Broken Chain of Title Over Nineteen Years

The original loan at issue was originated on June 5, 2007, with World Savings Bank, FSB — not Wells Fargo Bank, N.A. The account purportedly transitioned through at least three institutional identities: World Savings Bank, FSB (originator) → Wachovia Mortgage, FSB (name change, effective December 31, 2007, per the Office of Thrift Supervision letter of November 19, 2007) → Wells Fargo Bank, N.A. (merger, purportedly late 2009).

Wells Fargo's own Motion for Relief from Stay acknowledges this lineage and attaches what it characterizes as "Certified Merger Documents" (Exhibit C thereto). However, no admissible evidence establishing that Debtor's specific account — account ending in 8607 (which is a completely different account number, that is distinctly different from the original account ending in 1642) — was included in

any merger or transfer has been produced. The difference between a corporate charter name-change and a valid assignment or transfer of a specific loan account is dispositive.

Under UCC Article 3 (as adopted in Pennsylvania, 13 Pa. C.S. §§ 3101 et seq.), only a Person Entitled to Enforce ("PETE") may enforce a negotiable instrument. PETE status requires the claimant to be: (a) the holder of the instrument; (b) a nonholder with the rights of a holder; or (c) a person entitled to enforce under the lost instrument doctrine. 13 Pa. C.S. § 3301. A corporate merger document does not, standing alone, constitute proof of PETE status with respect to any specific account.

### B. The April 16, 2026 Hearing Witness Destroyed Wells Fargo's Own Authentication

Wells Fargo presented a witness identified as its "Vice President of Loan Documentation Specialist" at the April 16, 2026 preliminary hearing. That witness's sworn testimony confirmed each of the following:

- He was NOT sent by the corporate office of Wells Fargo Bank, N.A.

- He was NOT the author of the Proof of Claim he was called to authenticate.

- He could NOT speak to the tax records of Wells Fargo Bank, N.A.

- He could NOT speak to any K-1 distributions or allocations Wells Fargo received in connection with the purported loan.

- He had only reviewed the Proof of Claim approximately one week before appearing to testify about an account with a nearly nineteen-year history.

- He began employment with Wells Fargo in 2011 — after the account originated in 2007 and after the purported mergers of 2007 and 2009.

- He could NOT confirm with certainty or evidence that Debtor's specific account was part of any merger between World Savings Bank/Wachovia and Wells Fargo.

This testimony is not merely insufficient — it is affirmatively destructive of Wells Fargo's claim. A witness who cannot confirm that the account at issue is even owned by his employer cannot authenticate a proof of claim arising from that account. This Court correctly refused to admit the proffered affidavit.

Under Fed. R. Evid. 803(6) (applicable via Fed. R. Bankr. P. 9017), a business record is admissible only if a qualified custodian or other qualified witness testifies to its foundational elements. A witness who lacks knowledge of the account's history, who did not prepare the records, and who cannot confirm the entity's ownership of the underlying obligation is not a "qualified witness" for purposes of business record authentication. *United States v. Linn*, 880 F.2d 209, 216 (9th Cir. 1989); *In re Kemp*, 440 B.R. 624, 631-33 (Bankr. D.N.J. 2010).

## C. The 2015 Transcript: Wells Fargo's Witness Admitted Inability to Confirm Account Identity

This Court should further take judicial notice, pursuant to Fed. R. Evid. 201(d) (mandatory upon request), of the transcript of proceedings in *Wells Fargo Bank, NA v. Tarani A. Johnson*, No. 100401188 (Court of Common Pleas, First Judicial District of Pennsylvania, September 11, 2015).

In that proceeding — in which Wells Fargo sought to enforce the same underlying obligation against Debtor — Wells Fargo's own witness, Amy Cullen (Loan Verification Analyst), testified on cross-examination that she began employment at Wells Fargo on September 29, 2014, and that she had no personal knowledge of any events or transactions that occurred before that date — which would include the original 2007 loan origination, the 2007 Wachovia name change, and the 2009 purported merger. Transcript, September 11, 2015, at pp. 34-35.

More critically, the 2015 witness was unable to provide any testimony establishing that Debtor's specific account was definitively part of the documents transferred through the merger. The pattern is unmistakable: across more than a decade of litigation, in two separate proceedings before courts of this Commonwealth and this District, Wells Fargo has been unable to produce a witness who can affirmatively establish, from personal knowledge, that it owns and holds the right to enforce the specific obligation it seeks to collect from Debtor.

## D. The Proof of Claim Was Not Signed by a Corporate Officer — It Was Signed by an Attorney Agent

The Proof of Claim filed on March 11, 2026, and signed by Robert Shearer, bears the designation "Authorized Agent for Secured Creditor" and identifies the company as "Robertson, Anschutz, Schneid, Crane & Partners, PLLC" — a law firm located in Alpharetta, Georgia. Under Official Form 410, the signatory must certify personal knowledge that the information is true and correct. An attorney-agent's signature based on review of records provided by a servicer does not constitute the personal knowledge required for a compliant Proof of Claim under 11 U.S.C. § 501 and Fed. R. Bankr. P. 3001.

## E. The Securitization Standing Problem

The original loan was an adjustable-rate instrument in the amount of $392,000.00 originated by World Savings Bank, FSB. World Savings Bank was a prolific originator of "Pick-A-Payment" and adjustable-rate mortgages during the period 2005-2008, and routinely securitized such instruments into trust vehicles governed by Pooling and Servicing Agreements ("PSAs"). No document in the current record — including the Proof of Claim itself and its forty-six page attachment — identifies any SEC prospectus supplement, any Pooling and Servicing Agreement, or any GAAP-compliant accounting record under ASC

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY
JUDICIAL REVIEW

860 demonstrating that Wells Fargo Bank, N.A. is the current holder rather than merely a servicer of this obligation.

If the loan was securitized as a "true sale" under GAAP, Wells Fargo divested itself of ownership of the receivable and became a servicer — lacking authority to file a proof of claim in its own name. If it was not securitized, an unbroken chain of assignment must be demonstrated. Neither has been demonstrated. The record is silent. That silence, at the threshold standing stage, is fatal to jurisdiction.

## IV. THE RECORDED MORTGAGE CANNOT ESTABLISH A PERFECTED SECURITY INTEREST IN THE PROMISSORY NOTE — AN INDEPENDENT JURISDICTIONAL AND SUBSTANTIVE GROUND FOR DISALLOWANCE

Beyond the chain-of-title and authentication defects described in Section III, Wells Fargo's Proof of Claim fails on an entirely independent ground that is established by the face of the public record alone and requires no further discovery: the mortgage recorded in the Philadelphia County real property records does not — and as a matter of law cannot — constitute a perfected security interest in the promissory note. Because this defect is established by the recorded instruments that are themselves part of the Philadelphia County public record, no further evidentiary proceeding is necessary or appropriate. The defect is incurable on the existing record.

### A. The Legal Distinction Between a Real Property Lien and a Security Interest in a Negotiable Instrument

The law draws a bright, non-negotiable line between two entirely distinct legal instruments:

- A MORTGAGE or DEED OF TRUST is a lien on real property — the land and the building at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania. It is recorded in county land records. It describes dirt and structures. It creates rights in rem against the parcel.

- A SECURITY INTEREST IN A PROMISSORY NOTE is an Article 9 interest in personal property — specifically, in the intangible negotiable instrument evidencing the debt obligation. It requires an authenticated security agreement describing the note as collateral and, for perfection, a UCC-1 financing statement filed with the Pennsylvania Secretary of State, not the county recorder.

These are not the same instrument. They are not interchangeable. The Ohio Supreme Court recognized this distinction explicitly: rights in a promissory note are separate and distinct from rights in a mortgage lien on real property. Deutsche Bank Nat'l Trust Co. v. Holden, 147 Ohio St. 3d 85, 2016-Ohio-

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY
JUDICIAL REVIEW

4603, 60 N.E.3d 1243 (2016). A party may hold a mortgage lien without holding the note; a party may hold the note without holding a perfected security interest in the note as collateral for a further obligation. These are legally distinct instruments requiring legally distinct documentation.

## B. UCC § 9-203 — Three Elements Required for Attachment; None Met as to the Note

Under Pennsylvania's adoption of UCC Article 9, 13 Pa.C.S. § 9203(b), a security interest attaches to specific collateral — and becomes enforceable against the debtor — only when all three of the following elements are satisfied:

- (1) Value has been given;
- (2) The debtor has rights in the collateral or the power to transfer rights in the collateral; and
- (3) The debtor has authenticated a security agreement that provides a description of the collateral.

The third element is the dispositive defect here. The promissory note — a negotiable intangible instrument — is a category of personal property distinct from real estate. For a security interest in the note itself to attach, there must exist an authenticated security agreement that describes the note (not the real property) as the collateral being pledged.

The mortgage recorded in the Philadelphia County land records describes the property located at 2285 Bryn Mawr Avenue. It describes the land. It describes the structure. It does not describe the promissory note as collateral. It does not purport to grant a security interest in the promissory note. Under 13 Pa.C.S. § 9203(b)(3)(A), no security interest in the note ever attached. Period.

## C. UCC § 9-108 — The Collateral Description Requirement: Real Property ≠ Promissory Note

Even if one were to argue that the mortgage instrument contains some language that could be read to encompass personal property collateral, that argument fails under 13 Pa.C.S. § 9108, which governs sufficiency of collateral descriptions in security agreements. Under § 9-108(c):

> *"A description of collateral as 'all the debtor's assets' or 'all the debtor's personal property' or using words of similar import does not reasonably identify the collateral."*

13 Pa.C.S. § 9108(c); UCC § 9-108(c).

If a supergeneric "all assets" description is legally insufficient, a description of a specific parcel of real estate is certainly insufficient to describe and capture a promissory note as Article 9 collateral. A description of "dirt and building" does not reasonably identify "a negotiable instrument promising to repay a loan." These are legally, physically, and categorically distinct items.

The United States Bankruptcy Court for the Northern District of Florida addressed nearly identical facts in In re Hintze, 525 B.R. 780 (Bankr. N.D. Fla. 2015). In Hintze, a promissory note contained language

purporting to grant a security interest in "all of Maker's assets." The court held that this supergeneric description was explicitly insufficient under UCC § 9-108(c) to create an enforceable security interest, and that a financing statement filed nineteen months later could not cure the defective security agreement. The court stated:

> *"Without a sufficient description of the collateral, no valid security interest (or lien) was ever created."*

In re Hintze, 525 B.R. at 785-86 (Bankr. N.D. Fla. 2015).

Debtor's case presents an even stronger ground for disallowance than Hintze. In Hintze, at least the note attempted to grant a security interest in "all assets." Here, the mortgage makes no attempt whatsoever to grant a security interest in the promissory note. If "all assets" fails, "the real property at 2285 Bryn Mawr Avenue" fails a fortiori.

## D. The "Composite Document Rule" Cannot Save Wells Fargo's Defective Perfection

Wells Fargo may argue that the mortgage and the note should be read together as a "composite document" establishing a security interest in both the real property and the note. This argument fails for three independent reasons:

First, the composite document rule, where recognized, requires that the documents be executed by the same parties, at or near the same time, and concerning the same transaction or subject matter, and that together they unambiguously establish the grant of a security interest in the specific collateral at issue. In re Hintze, 525 B.R. at 789-90. Even under the most permissive reading, combining a mortgage describing real property with a note promising repayment does not produce a document that describes the note as collateral for a further obligation.

Second, the Seventh Circuit has held that a bankruptcy trustee is not bound by the composite document rule where the four corners of the security agreement do not establish the necessary collateral description. In re Duckworth (State Bank of Toulon v. Covey), 805 F.3d 797, 801 (7th Cir. 2015) ("a security agreement is effective according to its terms"; trustee not bound by parol evidence or extrinsic evidence to correct a defective description). The Seventh Circuit in Martin Grinding further held that a financing statement cannot expand the collateral covered by a defective security agreement. In re Martin Grinding & Machine Works, Inc., 793 F.2d 592, 595 (7th Cir. 1986).

Third, the defect here is not a technical error subject to reformation — it is a categorical failure. A mortgage on real property and a security interest in a negotiable instrument are governed by entirely different bodies of law (property law vs. UCC Article 9), filed in entirely different recording systems

(county recorder vs. Secretary of State UCC registry), and describe entirely different categories of collateral. There is no "composite" that bridges this gap.

### E. No UCC-1 Financing Statement Has Been Filed — The Interest, Even If It Had Attached, Would Be Unperfected and Avoidable

Assuming arguendo that a security interest in the promissory note had somehow attached — which Debtor expressly denies — such interest would be unperfected because no UCC-1 financing statement describing the note as collateral has been filed with the Pennsylvania Secretary of State. A search of the Pennsylvania UCC records will confirm this. Perfection of an Article 9 security interest in a promissory note held as collateral requires either: (a) filing a UCC-1 financing statement describing the note in the UCC registry, 13 Pa.C.S. § 9310; or (b) taking possession of the original note with proper endorsement, 13 Pa.C.S. § 9313. Recording a mortgage in county land records satisfies neither method of perfection under UCC Article 9.

An unperfected security interest is subject to avoidance by the Chapter 13 Debtor, exercising the rights of a hypothetical lien creditor under 11 U.S.C. § 544(a). The Bankruptcy Court for the Southern District of New York applied this principle directly in In re 11 East 36th, LLC, 2015 WL 1379700, at *7 (Bankr. S.D.N.Y. Mar. 26, 2015), holding that a mismatch between collateral descriptions rendered the security interest unperfected and subject to avoidance under § 544(a). The result here is identical: no valid collateral description, no attachment, no perfection, no secured status.

### F. The Philadelphia County Recording Establishes the Defect on the Public Record — No Further Proceeding Required

This argument does not require this Court to order any further production from Wells Fargo, to hold an evidentiary hearing, or to await any additional filing. The Philadelphia County Recorder of Deeds holds the recorded mortgage instrument. That instrument is a public record subject to mandatory judicial notice under Fed. R. Evid. 201(c)(2). Its face establishes that it describes real property — not a promissory note — as its collateral. That is sufficient, standing alone, to establish that no security interest in the promissory note was created by that instrument under UCC § 9-203(b)(3) and § 9-108.

Because the defect is established by the public record — a record Wells Fargo itself attached to its Proof of Claim — this is not a factual dispute. It is a legal conclusion that follows inescapably from the face of the document. The Court may and should resolve it as a matter of law, without further hearing, as an additional and independent ground for disallowance of the secured status claimed in the Proof of Claim.

**IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY JUDICIAL REVIEW**

At most, Wells Fargo holds a lien on the real property at 2285 Bryn Mawr Avenue through the recorded mortgage — and even that lien is subject to the chain-of-title defects described in Section III above. But it holds no perfected security interest in the promissory note itself. Its claim to secured status based on an Article 9 interest in the note must be disallowed.

## V. OBJECTION TO PROOF OF CLAIM — CONSOLIDATED GROUNDS FOR DISALLOWANCE

Debtor formally objects to the Proof of Claim filed by Wells Fargo Bank, N.A. (Claim No. __) pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 on the following grounds, each of which independently requires disallowance:

1. NOT A REAL PARTY IN INTEREST: Wells Fargo has failed to demonstrate that it is the holder or authorized enforcer of the underlying note. No admissible evidence in the record establishes an unbroken chain of title from World Savings Bank, FSB (originator) to Wells Fargo Bank, N.A. (claimant) with respect to this specific account.

2. NO ENFORCEABLE NOTE: The Proof of Claim does not establish that the promissory note is presently enforceable by Movant. The instrument was originated nearly nineteen years ago, has been subject to multiple institutional changes, and no witness has confirmed — under oath, from personal knowledge — that Wells Fargo possesses the original note endorsed in a manner giving it PETE status under 13 Pa. C.S. § 3301.

3. NO ADMISSIBLE BUSINESS RECORDS: The Proof of Claim is supported by records that cannot be authenticated through any qualified witness. The designated witness at the April 16, 2026 hearing lacked personal knowledge, was not the author of the records, could not establish custodian status, and was unable to confirm the most basic foundational facts. The proffered affidavit was properly rejected.

4. DEFECTIVE CLAIM SIGNATURE: The Proof of Claim was executed by an attorney-agent, not by a corporate officer of Wells Fargo with personal knowledge of the claim. This does not satisfy the requirements of 11 U.S.C. § 501 and Fed. R. Bankr. P. 3001(b).

5. AMOUNT CONTESTED: The claim amount of $1,122,385.24 is disputed. The interest calculation and the claimed arrearage of $813,658.99 cannot be verified without production of a complete,

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY
JUDICIAL REVIEW

authenticated payment history from loan origination through the petition date — records that have not been produced.

Upon filing of a sufficient objection, the burden shifts to the claimant to establish validity of the claim by a preponderance of the evidence. In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992). The record already before this Court — including the April 16, 2026 witness testimony and the February 17, 2026 Municipal Court Default Judgment — establishes that Wells Fargo cannot carry that burden. No further opportunity to perfect standing is contemplated or appropriate. Standing either exists at the time of filing or it does not.

## V. THE MOTION FOR RELIEF FROM STAY MUST BE ABATED PENDING RESOLUTION OF STANDING

A party seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d) must, at minimum, have a "colorable claim" to the property at issue. *In re Veal*, 450 B.R. at 914. A colorable claim requires proof that the movant is the actual holder of the note or has been delegated enforcement authority by the holder. Id. at 912.

Wells Fargo has not demonstrated a colorable claim for the reasons set forth above. Its witness admitted he could not confirm the ownership of the account. Its chain of title from World Savings Bank to Wells Fargo Bank, N.A. — spanning nineteen years, two institutional conversions, and an alleged merger — has not been established by admissible evidence.

The May 20, 2026 hearing on Wells Fargo's Motion for Relief from Stay MUST be stayed — or at minimum, the standing question must be decided first at that hearing — because conducting a merits hearing on that motion before standing is established would itself constitute the constitutional violation described in Sections II.A through II.D above: the exercise of jurisdiction not yet established.

## VII. MANDATORY JUDICIAL NOTICE — REQUEST PURSUANT TO FED. R. EVID. 201(c)(2) AND (f)

Debtor hereby REQUESTS judicial notice pursuant to Fed. R. Evid. 201(d) (applicable via Fed. R. Bankr. P. 9017). This Court's obligation to take judicial notice upon proper request and provision of the

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY
JUDICIAL REVIEW

necessary information is MANDATORY — not discretionary. Upon the taking of such judicial notice, the judicially noticed facts shall be accepted as conclusive in this civil proceeding. Fed. R. Evid. 201(g)(1).

Debtor requests mandatory judicial notice of the following facts and records:

- The recorded mortgage instrument for the property at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania, as recorded in the Philadelphia County Recorder of Deeds — specifically the face of that instrument as it describes the collateral — which establishes as a matter of public record that the collateral described is real property, not a promissory note, and that no UCC-1 financing statement has been filed with the Pennsylvania Secretary of State describing the promissory note as collateral under UCC Article 9, confirming that no security interest in the note was ever attached or perfected under 13 Pa.C.S. §§ 9203 and 9310.

- The Philadelphia Municipal Court Order dated February 17, 2026, Case No. SC-26-01-06-3321 (Twardy, J. / Mackner, J.), entering Default Judgment against Wells Fargo Bank, NA in favor of Debtor for Wells Fargo's failure to respond to Debtor's 13 Pa.C.S. § 9210 accounting demand, and the legal consequence of that default under 13 Pa.C.S. § 9625, including statutory estoppel from asserting any enforcement right not disclosed in a compliant response.

- The Statement of Claim filed in Case No. SC-26-01-06-3321 on January 6, 2026, amended January 16, 2026, specifically alleging that Wells Fargo "produced no compliant accounting" and "has not proven it is the 'creditor' entitled to enforce" — language directly tracking the standing question at issue before this Court.

- The transcript of Wells Fargo Bank, NA v. Tarani A. Johnson, No. 100401188 (Ct. of Common Pleas, First Judicial Dist. of Pa., Sept. 11, 2015), and specifically the sworn testimony of Amy Cullen admitting she had no personal knowledge of events predating September 29, 2014, and could not confirm the account's inclusion in any merger.

- The Office of Thrift Supervision letter dated November 19, 2007, addressed to John A. Stoker, Esq., Vice President of Wachovia Corporation, confirming that World Savings Bank, FSB amended its charter to change its name to Wachovia Mortgage, FSB effective December 31, 2007 — a name change, not an assignment of individual loan accounts.

- The sworn admissions of Wells Fargo's witness at the April 16, 2026 preliminary hearing as summarized in Section III.B above.

- The Proof of Claim filed herein on March 11, 2026, signed by Robert Shearer of Robertson, Anschutz, Schneid, Crane & Partners, PLLC, identifying himself as "Authorized Agent for Secured Creditor" — not as a corporate officer of Wells Fargo.

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY
JUDICIAL REVIEW

---

## VI. WELLS FARGO IS JUDICIALLY AND STATUTORILY ESTOPPED — MUNICIPAL COURT DEFAULT JUDGMENT ENTERED PRIOR TO PROOF OF CLAIM

The standing defects described above are not merely factual disputes to be resolved at a future hearing. They have already been adjudicated by a court of competent jurisdiction. This Court should take mandatory judicial notice of the following prior proceeding and its controlling legal effect.

### A. The Municipal Court Proceeding and Default Judgment

On December 29, 2025 — more than two months before Wells Fargo filed its Proof of Claim in this bankruptcy case — Debtor served Wells Fargo Bank, NA with an Emergency Request for Accounting and Statement of Account pursuant to 13 Pa.C.S. § 9210 (UCC Article 9-210). That demand required Wells Fargo to provide:

- A certified accounting of the alleged secured obligation;
- Identification of the collateral; and
- Identification of the party entitled to enforce, based on ledger-level records for the account.

Wells Fargo Bank, NA — the same entity now before this Court — failed to respond within the time required by law. Its failure was total: no accounting, no identification of collateral, no identification of a party entitled to enforce.

Debtor thereafter filed suit in the Philadelphia Municipal Court, First Judicial District of Pennsylvania, Case No. SC-26-01-06-3321, asserting Wells Fargo's violation of 13 Pa.C.S. § 9625 (UCC 9-625). Wells Fargo was served, appeared on the docket, and defaulted. On February 17, 2026, the Honorable George R. Twardy entered the following judgment:

> *Judgment for Plaintiff by Default. Judgment in the amount of $500.00, plus $70.95 Costs for a Total Amount due of $570.95.*

> Philadelphia Municipal Court Order, Case No. SC-26-01-06-3321, February 17, 2026 (Twardy, J. / Mackner, J.).

### B. Legal Effect No. 1: UCC Statutory Estoppel Under 13 Pa.C.S. § 9625

The legal consequences of Wells Fargo's failure to respond to the 13 Pa.C.S. § 9210 accounting demand are not discretionary — they are statutory. Under 13 Pa.C.S. § 9625(b) and (f), a secured party that fails to comply with the accounting obligations of § 9210 is liable for the statutory penalty AND is estopped from asserting enforcement rights beyond what was disclosed in any compliant response.

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY JUDICIAL REVIEW

Because Wells Fargo disclosed nothing — it provided zero response to the accounting demand — it is estopped under Pennsylvania's enactment of UCC Article 9 from asserting any enforcement right whatsoever. This estoppel is not a doctrine Debtor is requesting the Court to recognize as a matter of equitable discretion. It is a statutory consequence that attached by operation of law on the date Wells Fargo's response deadline expired.

Wells Fargo cannot now come before this Court in bankruptcy and assert that it is the holder and enforcer of a $1,122,385.24 obligation when it was unable or unwilling — under penalty of a judicial proceeding it chose to default — to identify any party entitled to enforce the very same obligation just weeks before filing its Proof of Claim.

## C. Legal Effect No. 2: The Default Judgment Is a Prior Adjudication of the Same Standing Question

The Statement of Claim filed in Case No. SC-26-01-06-3321 expressly alleges that Wells Fargo "failed to respond" and "produced no compliant accounting," and that Wells Fargo has "not proven it is the 'creditor' entitled to enforce." The default judgment entered against Wells Fargo is a judicial finding — by operation of law — that Wells Fargo did not carry its burden to establish its status as creditor entitled to enforce as of the date of the demand (December 29, 2025).

That proceeding concluded on February 17, 2026. Wells Fargo then filed its Proof of Claim in this bankruptcy case on March 11, 2026 — twenty-two days after the default judgment was entered against it in state court for the identical failure of proof. Wells Fargo walked out of one courtroom having defaulted on its obligation to prove it is the creditor and walked directly into this federal courtroom claiming to be the creditor. That is not merely ironic — it is preclusive.

## D. Legal Effect No. 3: Bad Faith Filing of Proof of Claim

A proof of claim filed under 11 U.S.C. § 501 must represent a valid, enforceable claim. Fed. R. Bankr. P. 9011 requires that every filing made in this Court be warranted by existing law and supported by evidence. A party that has just suffered a default judgment for failure to prove its creditor status, in a proceeding arising from the same underlying obligation, and that then files a Proof of Claim for over $1.1 million in this Court without disclosing that default judgment, has filed that claim in bad faith and in potential violation of its Rule 9011 obligations.

This Court is requested to order immediate production of all communications within Wells Fargo's legal and servicing departments regarding the Municipal Court proceeding and the subsequent filing of the Proof of Claim, to determine whether counsel was aware of the default judgment and failed to disclose it.

## E. Mandatory Judicial Notice of the Municipal Court Order

Debtor hereby REQUESTS mandatory judicial notice pursuant to Fed. R. Evid. 201(d) of: (1) the existence and contents of the Order of the Philadelphia Municipal Court, Case No. SC-26-01-06-3321, dated February 17, 2026; (2) the Statement of Claim filed therein on January 6, 2026 and amended January 16, 2026; and (3) the legal effect under 13 Pa.C.S. § 9625 of Wells Fargo's failure to respond to the 13 Pa.C.S. § 9210 demand. These are adjudicative facts capable of accurate and ready determination by reference to sources whose accuracy cannot reasonably be questioned — namely, court records of this Commonwealth. This Court's obligation is therefore MANDATORY.

## VIII. RELIEF REQUESTED

WHEREFORE, Debtor-Respondent Tarani A. Johnson, sui juris, respectfully demands that this Honorable Court — in fulfillment of its mandatory constitutional gatekeeping obligation under Article III, and in accordance with two hundred years of unbroken Supreme Court doctrine — enter an order as follows:

1. ABATING all merits proceedings, including the May 20, 2026 hearing on Wells Fargo's Motion for Prospective In-Rem Relief from Automatic Stay, and all proceedings on the Proof of Claim, until this Court has first resolved, in writing, the threshold constitutional question of whether Wells Fargo Bank, N.A. possesses standing sufficient to invoke the jurisdiction of this federal court — because this Court has no more right to exercise jurisdiction that has not been established than to decline jurisdiction that has been given. *Cohens v. Virginia*, 19 U.S. 264, 404 (1821); United States v. Will, 449 U.S. 200, 216 (1980);

2. ISSUING written Findings of Fact and Conclusions of Law resolving the following threshold constitutional questions BEFORE any merits adjudication:      (a) Whether Wells Fargo Bank, N.A. is the real party in interest with respect to the obligation at issue, as required by Article III and Fed. R. Civ. P. 17(a);      (b) Whether a complete, unbroken chain of title from World Savings Bank, FSB (originator, 2007) to Wells Fargo Bank, N.A. (claimant, 2026) has been established as to this specific account;      (c) Whether Wells Fargo Bank, N.A. is a Person Entitled to Enforce ("PETE") under 13 Pa.C.S. § 3301;      (d) Whether the Proof of Claim is supported by admissible business records authenticated by a qualified witness with personal knowledge, as required by Fed. R. Evid. 803(6) and Fed. R. Bankr. P. 9017;      (e) Whether the Default Judgment entered against

**IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY JUDICIAL REVIEW**

Wells Fargo Bank, NA by the Philadelphia Municipal Court on February 17, 2026 (Case No. SC-26-01-06-3321) — for failure to respond to Debtor's 13 Pa.C.S. § 9210 accounting demand — operates as a statutory estoppel under 13 Pa.C.S. § 9625 barring Wells Fargo from asserting any enforcement right not disclosed in a compliant accounting response;

3. TAKING MANDATORY JUDICIAL NOTICE, pursuant to Fed. R. Evid. 201(c)(2) and (f), as made applicable by Fed. R. Bankr. P. 9017, of:      (a) The Philadelphia Municipal Court Order, Case No. SC-26-01-06-3321 (February 17, 2026), entering Default Judgment against Wells Fargo Bank, NA;      (b) The Statement of Claim filed therein, expressly alleging Wells Fargo had not proven its status as "creditor entitled to enforce";      (c) The Office of Thrift Supervision letter dated November 19, 2007, confirming that World Savings Bank, FSB changed its charter name to Wachovia Mortgage, FSB effective December 31, 2007;      (d) The sworn trial testimony of Amy Cullen, Wells Fargo's own witness, from September 11, 2015, admitting she lacked personal knowledge of the account's history and could not confirm the account's inclusion in any merger; (e) The April 16, 2026 sworn testimony of Wells Fargo's designated witness confirming he was not sent by the corporate office, was not the author of the Proof of Claim, could not speak to tax records or K-1 allocations, had reviewed the account only one week prior to testifying, and could not confirm with certainty that Debtor's account was part of any merger;      (f) All statutes and published judicial decisions cited herein, as set forth in the Mandatory Judicial Notice of Statutory and Case Authority above — which this Court is required to accept as conclusive in this civil proceeding pursuant to Fed. R. Evid. 201(f);

4. FINDING AND DECLARING that, upon review of the foregoing threshold questions, this Court LACKS jurisdiction to adjudicate Wells Fargo's Proof of Claim or Motion for Relief from Stay, and that any order entered on the merits of those matters without first resolving standing would be void ab initio under *Norton v. Shelby County*, 118 U.S. 425, 442 (1886), and Ex parte Siebold, 100 U.S. 371, 376-377 (1880);

5. DISALLOWING the Proof of Claim pursuant to 11 U.S.C. § 502(b)(1) on two independently sufficient grounds established by the existing record: (a) Wells Fargo Bank, N.A. has not established standing or chain of title to file the claim; and (b) the recorded mortgage instrument Wells Fargo itself attached to its Proof of Claim describes only real property as collateral and cannot, as a matter of law under 13 Pa.C.S. §§ 9203(b)(3) and 9108, constitute a perfected security interest in the promissory note — meaning the claim, even if Wells Fargo had standing, could at most be allowed

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY JUDICIAL REVIEW

as an unsecured claim. Both defects appear on the face of the existing record and require no further evidentiary proceeding to resolve;

6. DENYING Wells Fargo's Motion for Relief from Automatic Stay because, as a matter of established law and undisputed record, Movant has not demonstrated a colorable claim to the property as required by 11 U.S.C. § 362(d) and In re Veal, 450 B.R. 897, 914 (B.A.P. 9th Cir. 2011), and because the Court lacks jurisdiction to grant stay relief to a party that has not established standing; and

7. GRANTING such further relief as this Court is constitutionally and statutorily obligated to grant in defense of the integrity of its own jurisdiction, including entry of findings pursuant to 11 U.S.C. § 105(a) and referral of any appropriate matters arising from the filing of an unsupported claim under a default judgment for failure to prove the identical creditor status.

## IX. CONCLUSION

Two hundred years of unbroken Supreme Court doctrine require that standing be resolved before jurisdiction is exercised. Wells Fargo Bank, N.A. has not established that it owns the obligation it seeks to enforce. Its own witness — presented by its own counsel — could not confirm the most basic facts of account ownership. Its chain of title spans nineteen years and three institutional identities, yet no document in evidence traces this specific account from World Savings Bank to Wells Fargo with particularity and certainty. It walked out of Municipal Court under a default judgment for failing to prove its creditor status and walked directly into this Court claiming to be the creditor.

And separately — independently — the mortgage instrument Wells Fargo attached to its own Proof of Claim, recorded in the Philadelphia County land records, establishes on its face that it describes real property as its collateral. It does not describe the promissory note. Under 13 Pa.C.S. §§ 9203(b)(3) and 9108, no security interest in the note ever attached. Under In re Hintze, if "all assets" language is insufficient, a description of a specific parcel of land is certainly insufficient. This defect requires no further hearing. It is decided by the public record that Wells Fargo itself submitted.

This Court cannot proceed to the merits of Wells Fargo's motion or claim without first resolving these questions. To do so would be to exercise jurisdiction not established — and that, in the words of Chief Justice Marshall, "would be treason to the constitution." Cohens v. Virginia, 19 U.S. at 404. Any order entered without resolving standing is void ab initio. Norton v. Shelby County, 118 U.S. 425 (1886). This

IN RE: TARANI A. JOHNSON | Case No. 26-10372-djb | PLEA OF ABATEMENT AND DEMAND FOR MANDATORY JUDICIAL REVIEW

Court is commanded — by two centuries of controlling Supreme Court authority — to make its jurisdictional findings first.

Respectfully submitted this 29th day of ___April___, 2026.

Bye: /cs/ /s/ Johnson, tarani-alike, sui juris
**Tarani-Alike Johnson, sui juris**

## CERTIFICATE OF SERVICE

I, Tarani-Alike Johnson, hereby certify that on this 29th day of ___April___, 2026, I served a true and correct copy of the foregoing Plea of Abatement and Demand for Mandatory Judicial Review of Constitutional Threshold Issues of Standing upon the following parties via Electronic Filing (CM/ECF) and/or U.S. First Class Mail, postage prepaid:

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attn: Michael Troy Freedman, Esquire
425 Commerce Drive, Suite 150, Fort Washington, Pennsylvania 19034
**Kenneth E. West, Chapter 13 Trustee**
Office of the Chapter 13 Standing Trustee, 190 N. Independence Mall West, Suite 701, Philadelphia, PA 19106
**Office of the United States Trustee**
Region 3 – Eastern District of Pennsylvania, The Curtis Center, 601 Walnut Street, Suite 950 West, Philadelphia, PA 19106

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Bye: /cs/ /s/ Johnson, taran.-alike, sui juris
**Tarani-Alike Johnson, sui juris**