**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 13** |
| | : | |
| **Tarani A. Johnson,** | : | **Bky. No. 26-10372 (DJB)** |
| | : | |
| **Debtor.** | : | |

## OPINION

The Bankruptcy Code defines property of the estate in broad terms and the automatic stay halts almost any action against that property. Debtors' estates are thus comprised of a variety of property including, at times, state court judgments, and such property is typically off-limits to adverse actions taken by third parties. Here, the Debtor secured a default judgment post-petition and the defendant acted to challenge it without obtaining relief from the automatic stay to do so. Clearly, such an action could impair estate property or place a financial burden on the estate. However, a state court defendant may take defensive action when the debtor opts to continue litigation post-petition. The question is whether "defensive acts" includes challenging an entered judgment. The Court concludes that it does and that the defendant's action here was such a defensive act. Because the Debtor's requested relief depends on the finding of a violation of the automatic stay and none can be found, the Motion must be denied.

### I. FACTUAL BACKGROUND

The facts necessary for disposition of the Motion are straightforward. On January 6, 2026, pre-petition, the Debtor commenced an action against Wells Fargo Bank, NA ("Wells

Fargo") in the Philadelphia Municipal Court (the "Municipal Court Action").[1]  There, the Debtor

sought damages and statutory remedies for alleged violations of the Pennsylvania Uniform

Commercial Code and subsequently made various submissions to the Municipal Court on

January 20, 2026.  (See Ex. R-4).

On January 30, 2026, the Debtor filed her chapter 13 bankruptcy case.  [See Dkt. No. 1].

On February 17, 2026, the Municipal Court entered a Judgment by Default against Wells Fargo

(the "Default Judgment").  (See Ex. R-4).  On March 5, 2026, Wells Fargo filed a Petition to Set

Aside and Open Default Judgment (the "Petition to Open").  See id.  Wells Fargo has never

sought relief from the automatic stay to file the Petition to Open.  The Municipal Court

scheduled a hearing on the Petition to Open for April 6, 2026.  Prior to the hearing on the

Petition to Open, the Debtor moved in this Court, seeking to hold Wells Fargo liable for violating

§§ 362(a)(1) and (a)(3) of the Bankruptcy Code.

## II.  PROCEDURAL BACKGROUND

On March 30, 2026, the Debtor filed her Emergency Motion To Enforce Automatic Stay,

To Enjoin State Court Proceedings, And For Sanctions (the "Motion").[2]  [Dkt. No. 31].  Based

on the Debtor's representations, the Court scheduled an emergency hearing on the Motion.  [Dkt.

No. 35].  Wells Fargo responded, and an evidentiary hearing was held on April 2, 2026.  [See

---

[1]      Tarani-Alike Johnson v. Wells Fargo Bank, NA, Case Docket No. SC-26-01-06-3321
(Pa. Municipal) (Phila. Cty.)

[2]      The Motion sought two (2) distinct forms of relief.  Separate from the Municipal Court
Action issue resolved in this opinion, the Motion alleged Wells Fargo had violated the stay by
moving post-petition to postpone a sheriff's sale in a pending state foreclosure proceeding.  The
Court entered an order, denying the motion in part as it related to the Sheriff Sale postponement
issue.  [Dkt. No. 54].  The Court's determination here does not in any way affect or alter that
previous entry of judgment.

Dkt. Nos. 37 & 40]. At the hearing, the Court received evidence in the form of witness testimony and various exhibits. The Court took the matter under advisement and entered an order (the "Status Quo Order") staying the Municipal Court Action pending disposition of the Motion. [Dkt. No. 41]. The Court also received post-hearing briefs on the Motion as it related to the Municipal Court Action. [See Dkt. Nos. 64 & 91]. The matter is now ripe for disposition.[3]

### III.  LEGAL STANDARD

Upon the filing of a bankruptcy petition, the automatic stay pursuant to § 362(a) of the Bankruptcy Code goes into effect. The stay is applicable to all entities and prohibits a wide variety of actions against the debtor and property of the estate. Section 362(a)(1) of the Bankruptcy Code stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before" the petition. Section 362(a)(3) of the Bankruptcy Code stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Parties are free to seek relief from the automatic stay and, if allowed after notice and hearing, resume judicial proceedings or collections efforts that had been stayed. See 11 U.S.C. § 362(d); Mar. Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991).

---

[3]     The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 as incorporated by Federal Rule of Bankruptcy Procedure 9014. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference of the Eastern District of Pennsylvania as the matter arises in and/or is related to a case under the Bankruptcy Code. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The matter presented by the Motion is a core matter pursuant to 28 U.S.C. § 157(b). To the extent that the matter is deemed non-core and/or the Court is without constitutional authority to render a final decision on the Motion, the following shall constitute the Court's report and recommendation in accordance with 28 U.S.C. § 157(c).

3

Parties proceed at their own risk when acting against a debtor during a pending bankruptcy.  Actions taken in violation of the automatic stay are *void ab initio*.  See In re Siciliano, 13 F.3d 748, 751 (3d Cir. 1994); Constitution Bank v. Tubbs, 68 F.3d 685, 692 (3d Cir. 1995).  Willful violations of the stay are specifically addressed by the Bankruptcy Code, and individuals may collect damages from violators for the injuries caused by those violations.  See 11 U.S.C. § 362(k); Cal. Coast Univ. v. Aleckna (In re Aleckna), 13 F.4th 337 (3d Cir. 2021).  Thus, parties are best counseled to either be certain their actions are not stayed pursuant to § 362(a) of the Bankruptcy Code; be certain an exception applies to their actions pursuant to § 362(b) of the Bankruptcy Code; or affirmatively seek relief pursuant to § 362(d) of the Bankruptcy Code.[4]  See generally 11 U.S.C. § 362.

## IV.  DISCUSSION

### A.  11 U.S.C. § 362(a)(1) is inapplicable to debtor-initiated proceedings

Section 362(a)(1) of the Bankruptcy Code is intended to serve the interests of both the debtor and creditors by providing a breathing spell for the debtor by halting collection efforts as well as preventing the estate from being "eaten away by creditors' lawsuits" rather than effectively organized and distributed.  Mar. Elec. Co., 959 F.2d at 1204.  However, only proceedings *against* the debtor are stayed by this provision; this portion of the statute does not affect "actions brought *by* the debtor which would inure to the benefit of the bankruptcy estate."  Id. (quoting Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446, 448 (3d

---

[4]     Here, Wells Fargo has not pled or argued that any exception in § 362(b) of the Bankruptcy Code applies, nor has it sought relief pursuant to § 362(d) of the Bankruptcy Code. Thus, the present controversy turns entirely on whether § 362(a) of the Bankruptcy Code applies to Wells Fargo's actions.

Cir. 1982)) (emphasis in original).  Thus, a proceeding is only stayed by virtue of § 362(a)(1) of

the Bankruptcy Code if it is one which was originally brought against the debtor.  See id.

The only proceeding at issue here is one brought *by the Debtor*.  The Municipal Court

Action did not include any counterclaims or assertions "against" the Debtor.  Moreover, the

Petition to Open only related to the Default Judgment; it did not assert any claims or seek

recovery from the Debtor. (See Ex. D-1 [Dkt. No. 32 at 16-17]).  Because the Petition to Open

was made in a debtor-initiated proceeding and did not attempt to initiate any further proceedings

against the Debtor, § 362(a)(1) of the Bankruptcy Code did not prevent Wells Fargo from taking

the actions it took.

### B.  11 U.S.C. §362(a)(3) is inapplicable to purely defensive actions in debtor-initiated proceedings even if success would undermine a judgment

Whether the Petition to Open was an action against the "property of the estate" in

violation of § 362(a)(3) of the Bankruptcy Code is a more involved question.  First, it is

necessary to determine what "property of the estate," if any, is at issue.  Then, it is necessary to

determine whether the Petition to Open falls within the statute's prohibitions related to that

property.

### i.      The Default Judgment is estate property

Section 541(a) of the Bankruptcy Code broadly defines "property of the estate" to include

"all legal or equitable interests of the debtor in property as of the commencement of the case."

11 U.S.C. § 541(a)(1).  This includes any causes of action possessed by the Debtor as of the

petition date.  See Artesanias Hacienda Real S.A. DE C.V. v. N. Mill Capital, LLC (In re Wilton

Armetale, Inc.), 968 F.3d 273, 280 (3d Cir. 2020) ("The estate encompasses all kinds of

property, including causes of action.") (internal punctuation and quotation marks omitted).  In

chapter 13 cases, however, the scope of estate property is greater.  Section 1306(a)(1) of the

Bankruptcy Code provides that property of the estate expands to include "all property of the kind specified in [§ 541 of the Bankruptcy Code] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted. . ." 11 U.S.C. § 1306(a)(1). This section is often invoked regarding post-petition earnings and other post-petition acquired personal property of a chapter 13 debtor, but it also operates to bring causes of action and judgments obtained post-petition into the bankruptcy estate. See In re Michael, 699 F.3d 305, 309 (3d Cir. 2012); O'Connell v. Marshalls, Inc., No. 17-2438, 2017 U.S. Dist. LEXIS 168188, at *13 (E.D. Pa. Oct. 11, 2017) (noting that §§ 541 and 1306 operate in tandem to bring "both existing and potential causes of action at the time the bankruptcy proceeding is commenced . . . and those which arise after the bankruptcy proceeding has commenced" into the chapter 13 estate). Under Pennsylvania law, a money judgment in favor of a debtor constitutes property of that debtor. See Burns v. PA Dept. of Correction, 544 F.3d 279, 288 (3d Cir. 2008) (citing In re Upset Sale, Tax Claim Bureau of Berks County, 505 Pa. 327 (1984)).

The Debtor initiated the Municipal Court Action 24 days before her bankruptcy petition alleging violations of the Pennsylvania Uniform Commercial Code. The Municipal Court entered the Default Judgment—a money judgment for $570.95 in favor of the Debtor—17 days post-petition. It is clear that the Debtor's cause of action against Wells Fargo in the Municipal Court Action as it existed prepetition and the Default Judgment secured in that action post-petition are both property of the estate pursuant to §§ 541 and 1306 of the Bankruptcy Code. As property of the estate, both appear to benefit from the protections of § 362(a)(3) of the Bankruptcy Code.

ii.    **Inapplicability of 11 U.S.C. § 362(a)(3)**

Having concluded that the Default Judgment constitutes property of the estate, the question then becomes whether filing the Petition to Open constituted an action "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Wells Fargo argues that the Petition To Open was proper for two reasons. First, the Petition to Open was necessary to simply preserve the "status quo." City of Chicago v. Fulton, 592 U.S. 154, 158 (2021). Second, because Wells Fargo was statutorily required under Pennsylvania law to commence the Petition to Open within a set time or else waive that right, compliance here with the automatic stay would result in a violation of its constitutional right to due process. On the other side, the Debtor makes the direct argument that any action which would impair an asset of the estate constitutes a violation of § 362(a)(3) of the Bankruptcy Code and cites case law to that effect. [See Dkt. No. 91]. The Court will address each of these arguments in turn.

First, Wells Fargo's reliance on Fulton and its progeny is misplaced. Fulton does support the proposition that the automatic stay seeks to preserve the status quo, but it dealt primarily between the distinction between action and inaction as it relates to § 362(a)(3) of the Bankruptcy Code. The Supreme Court held "only that mere retention of estate property after the filing of a bankruptcy petition does not violate § 362(a)(3) of the Bankruptcy Code." Fulton, 592 U.S. at 161. It is unclear how passive retention of property is analogous to Wells Fargo's action here: affirmatively filing the Petition to Open in the Municipal Court. Wells Fargo suggests that its action would simply maintain the status quo of the estate as of the time the Debtor filed her bankruptcy petition. This reasoning is clearly erroneous. See Kaushas v. Popple Constr., Inc.

7

(In re Kaushas), 616 B.R. 57, 64-66 n.5 (Bankr. M.D. Pa. 2020) (distinguishing In re Denby-

Peterson, 941 F.3d 115 (3d Cir. 2019), a precursor and factually analogous case to Fulton, from a

situation where a creditor "took affirmative, post-petition action" against the debtor and the

estate by filing a petition to strike a default judgment in a state court proceeding).  In short,

Fulton does not help Wells Fargo justify what is clearly an affirmative, rather than passive, act

that altered the state of play as it existed post-petition.

Second, Wells Fargo's due process worries ring hollow.  Wells Fargo suggests litigation

gamesmanship on the part of the Debtor, arguing that it was not properly served with the

Municipal Court complaint and that the Debtor then commenced the bankruptcy case just before

Wells Fargo had a meaningful opportunity to defend itself.  Accordingly, Wells Fargo insists that

application of the automatic stay would render it unable to defend those claims and deprive it of

due process.  This argument is misplaced and misunderstands the nature of the automatic stay.

Whether Wells Fargo was properly served is an argument directed to the Municipal Court; the

Court here does not and cannot resolve the propriety of the Debtor's service in the Municipal

Court.  However, compliance with § 362 of the Bankruptcy Code often places burdens, at times

immense burdens, on parties seeking to vindicate their non-bankruptcy law rights.  The burden to

seek relief and demonstrate an entitlement to take action that would otherwise violate the

automatic stay is not a denial of due process.[5]

---

[5]     At the very least, Wells Fargo's due process argument is speculative and premature.  If
Wells Fargo were truly in a bind because state law and bankruptcy law interacted in a way to
prevent it from meaningfully defending itself in the Municipal Court Action, due process might
be at issue.  However, this assumes both that Wells Fargo would be unable to obtain stay relief
and that the Municipal Court would be unwilling to hear its merits arguments about the infirmity
of the Default Judgment based on a procedural delay caused by compliance with the automatic
stay.  Such circumstances seem highly unlikely.

Though admittedly appealing at first blush, the Debtor's argument is also unavailing. True, it is hornbook law that an action taken that affects property of the estate without obtaining relief nearly always constitutes a violation of § 362(a)(3) of the Bankruptcy Code. See United States v. Whiting Pools, Inc., 462 U.S. 198, 203-07 (1983) (recognizing that all the debtor's property is protected as part of the bankruptcy estate, and that Congress made the intentional choice to include even encumbered property, forcing secured parties to look to the Bankruptcy Code—rather than nonbankruptcy law—for a possessory remedy); Acands, Inc. v. Travelers Cas. & Sur. Co., 435 F.3d 252, 259 (3d Cir. 2006) (noting that § 362(a)(3) of the Bankruptcy Code applies broadly to estate property, located wherever and possessed by whomever); Cuffee v. Atl. Bus. & Cmty. Dev. Corp. (In re Atl. Bus. & Cmty. Corp.), 901 F.2d 325, 327 (3d Cir. 1990) (stating that "[t]he scope of the automatic stay is undeniably broad" and encompasses all property "tangible or intangible").  Thus, there is sound logic and a razor-like efficiency to the Debtor's argument: i.e., (i) the Default Judgment is estate property, (ii) the Petition to Open—if successful—will impair that property, (iii) Wells Fargo has not received permission from this Court to file the Petition to Open.  Ergo, Wells Fargo has violated the automatic stay.  However, the Debtor's argument fails due to a very limited exception.

Wells Fargo's actions here fall within a narrow line of cases that permit defensive action in a debtor-initiated proceeding.  As discussed above, a debtor has the right to continue or initiate actions in non-bankruptcy fora where the debtor is seeking affirmative relief against other parties during the pendency of the bankruptcy case.  Mar. Elec. Co., 959 F.2d at 1204 ("[Section 362(a) of the Bankruptcy Code] does not address actions brought *by* the debtor which would inure to the benefit of the bankruptcy estate.") (emphasis in original).  Though a bankruptcy filing operates to stay litigation against the debtor, to the extent a debtor finds it desirable or profitable to continue

9

litigating as a plaintiff in a non-bankruptcy forum, she is free to do so.  Thus, the Debtor here

was not barred by the automatic stay from continuing to prosecute the Municipal Court Action

against Wells Fargo after filing her bankruptcy case.

An interesting corollary to this nuance is that if a debtor-plaintiff opts to prosecute claims

in a non-bankruptcy forum, the defendant is often authorized to defend itself.  While arguably a

technical violation of the express language of § 362(a)(3) of the Bankruptcy Code, courts have

concluded that it would be inequitable to prohibit a defendant from defending itself in such

proceedings without relief from the automatic stay.  See Martin-Trigona v. Champion Fed. Sav.

& Loan Ass'n, 892 F.2d 575, 578 (7th Cir. 1989) (J. Posner) (holding that neither §362(a)(1) nor

§ 362(a)(3) prevented a state court defendant from moving to dismiss a debtor-initiated suit,

recognizing that despite endangering estate assets by requiring the debtor to respond, it was "too

trivial a concern to defeat the rights of defendants to defend themselves."); United States v.

Inslaw, Inc., 932 F.2d 1467, 1473 (D.C. Cir. 1991) ("Thus, someone defending a suit brought by

the debtor does *not* risk violation of § 362(a)(3) by filing a motion to dismiss the suit, though his

resistance may burden rights asserted by the bankrupt.") (emphasis in original); Bryner v.

LeBaron (In re Bryner), 425 B.R. 601, 608 (B.A.P. 10th Cir. 2010) (holding that a motion to set

aside a default judgment "cannot seriously be considered 'offensive' as opposed to 'defensive'"

and that therefore "[p]riniciples of equity" required the state court defendants not be prevented

from defending themselves while the debtor chose to continue the litigation); Gordon v.

Whitmore (In re Merrick), 175 B.R. 333, 336-38 (B.A.P. 9th Cir. 1994) (recognizing that while

restraining a state court defendant could benefit the estate, "[t]he automatic stay should not tie

the hands of a defendant while the plaintiff debtor is given free rein to litigate.").  Therefore,

actions taken by a defendant—in a purely defensive capacity—in a debtor-initiated proceeding do not constitute violations of the automatic stay even without first obtaining relief.

Defendants can, however, cross the line from "defensive" to "offensive" action, and violate the automatic stay in a debtor-initiated proceeding. That is, certain actions, though taken in a defendant's posture, become offensive in nature and are stayed by § 362(a)(3) of the Bankruptcy Code. E.g. In re Kaushas, 616 B.R. at 65 (filing a petition in the state court seeking sanctions in the form of attorneys' fee against the debtor could be a violation of § 362(a)(3) of the Bankruptcy Code); In re Muhlig, 494 B.R. 755, 764-66 (Bankr. S.D. Fla. 2013) (finding that a motion for summary judgment was not truly defensive because the defendant's intent was to secure judgment on a technicality without providing the chapter 7 trustee notice or time to substitute into the case); In re Gen. Associated Inv'rs Ltd. P'ship, 159 B.R. 551, 555 (Bankr. D. Ariz. 1993) (finding the filing of a motion to dismiss in a collateral action improper because the motion was intended to harass the debtor, knowing that the debtor intended to utilize Bankruptcy Code provisions to resolve the dispute); see also Rakip v. Paradise Awnings Corp., No. 10-20004-CIV, 2014 U.S. Dist. LEXIS 199461, at *18 (S.D. Fla. Jan. 2, 2014) (holding that a motion in a debtor-initiated proceeding seeking fees and costs against a debtor for pre-bankruptcy litigation conduct was stayed).

Here, the Court must decide whether the Petition to Open went beyond a defensive act and was therefore stayed by § 362(a)(3) of the Bankruptcy Code. The fact that a judgment—undoubtedly property of the estate—existed and was placed in peril by the Petition to Open complicates the determination. The Court has found no binding precedent that clearly indicates whether a petition to open, strike, or otherwise attack a default judgment is stayed by § 362(a)(3) of the Bankruptcy Code. Admittedly, the United States Court of Appeals for the Third Circuit

11

previously held that appeals taken from actions commenced by a debtor (regardless of the identity of the appellant) do not violate the automatic stay.  See Assoc. of St. Croix, 682 F.2d at 449 ("It might be argued that whether an appeal is stayed by section 362 should be determined by whether the appeal is taken 'by' or 'against' the debtor, i.e., whether the debtor is the appellant or appellee. We reject this approach.").  Similarly, in Maritime Electric Co., the Third Circuit analyzed and isolated claims and motion practice within a multi-claim litigation, differentiating instances where claims were asserted against the debtor (which were subject to the stay) from instances where claims were asserted by the debtor—*including post-trial motions*—which were not stayed.  959 F.2d at 1205.  Importantly, the Third Circuit highlighted that the defendants' presentation of post-judgment motions pursuant to Federal Rules of Civil Procedure 52(b) and 59 regarding claims asserted by the debtor did not violate the automatic stay.  Id. at 1208 n.14.  In the federal system, there are post-judgment motions akin to the Petition To Open in the Municipal Court Action.  Compare Fed. R. Civ. P. 55(c) & 60(b) with Pa. R. Civ. P. 237.3.  The Court concludes that, in the absence of direct controlling precedent, the instructions from the Court of Appeals authorizing post-judgment motions and appeals taken from debtor-initiated claims extend to all such post-judgment motions and the Court should treat the Petition To Open similarly.  See Assoc. of St. Croix, 682 F.2d at 449 n.2 (identifying the "obvious" "unfairness" in a regime where the debtor is free to litigate while the defendant is stayed).

Further, the Petition To Open only seeks to "open" the Default Judgement to permit Wells Fargo to answer and assert defenses.  (See Ex. D-1 [Dkt. No. 32 at 16-17]).  There are no counterclaims asserted nor affirmative recoveries sought.  (Id.)  The Court concludes that this act is "purely defensive" and is consistent with the same types of motions the Third Circuit

12

authorized to proceed without violation of §362(a)(3) of the Bankruptcy Code.  See Mar. Elec. Co., 959 F.2d. at 1208 n.14.

Therefore, despite the sensible argument that a judgment is a substantial and valuable piece of estate property and should be guarded by the automatic stay, precedent dictates that state court defendants in debtor-initiated proceedings may take strictly defensive actions—including those that would undermine a judgment—without violating the automatic stay.

**C.  In the Alternative, the Debtor would still not be entitled to any form of relief**

The Court is comforted in its holding for two (2) additional reasons: stay relief would be readily granted if requested and the Debtor failed to prove damages.

First, even if the Petition to Open did constitute a violation of the automatic stay and the filing could be deemed *void ab initio*, Wells Fargo would be well within its rights to seek annulment of or prospective relief from the automatic stay.  Wells Fargo could easily demonstrate grounds for cause to enable it to litigate what is plainly a non-core action on the merits in state court.  If the Debtor seeks to prosecute her claims against Wells Fargo and seek damages, it is entirely appropriate that Wells Fargo be authorized to defend itself in that action. Seeking relief would have clearly enabled Wells Fargo to re-file the Petition to Open in the Municipal Court Action at that time.

Second, assuming *arguendo* the Petition To Open did constitute a violation of the automatic stay, the ultimate issue would be whether the Debtor is entitled to damages resulting from that violation.  The Bankruptcy Code instructs that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees . . ."  11 U.S.C. § 362(k).  Guided by the Third Circuit's decision in In re Aleckna, the Debtor must prove that (i) she is an individual; (ii) the creditor violated the automatic stay; (iii) the violation was "willful"; (iv) the violation caused "injury" to the Debtor; and (v)

damages.  13 F.4th at 342, 344 n.37, 346 n.48; see also In re Heasley, 674 B.R. 475, 484 n.2 (Bankr. E.D. Pa. 2025).  The Debtor bears the burden of proof and must prove damages with specificity, based on concrete evidence; the Court should not have to speculate about the amount of damages.  Id. at 484-85.  Despite seeking and obtaining an emergency evidentiary hearing, the Debtor presented no testimony, exhibits, or other admissible evidence upon which the Court can find that the Debtor incurred any damages stemming from the filing of the Petition to Open.  Based on this record—and the Debtor's burden of proof—the Court cannot "presume" damages exist.  Thus, even if the Court determined the Petition to Open constituted a violation of the stay, there is no evidence of injury to the Debtor or anything on which the Court could base an award of damages, and the Motion would be denied for those reasons.

### D. Additional observations by the Court

The Court ends with two (2) precautionary notes.

First, the fact that Wells Fargo's Petition To Open did not constitute a violation of the automatic stay appears simply to be the result of coincidence not strategic action.  Often, the Court is surprised at the timidity of creditors who seek stay relief (i.e., "comfort orders") when it is clearly not required; here, the Court is shocked by the temerity of Wells Fargo's failure to seek stay relief, neither prospectively nor retroactively, when the propriety of its action was highly questionable.  Clearly, a more reasoned approach would be to (i) seek relief from the automatic stay prior or concurrent to filing the Petition To Open; or (ii) seek retroactive relief from the automatic stay when the issue was raised by the Debtor.  Wells Fargo, inexplicably, has elected to rest on its inapposite briefing and "wait out" the present disposition.

Second, the determinations here in no way affect a ruling on the merits of the Petition to Open (i.e., whether it was timely sought, properly presented, or valid on the facts or law cited therein).  This Court has no jurisdiction to make those determinations, and this ruling does not

14

impact the state court's ability to rule on those issues—and hear opposition thereto—in accordance with applicable non-bankruptcy law.  As it stands, the Debtor holds the Default Judgment until such time as the Municipal Court takes further action on the Petition to Open.

## V.  CONCLUSION

As a result of the foregoing, the Court hereby **DENIES** the Motion as it relates to the Municipal Court Action and **VACATES** the Status Quo Order.  [Dkt. No. 41].  The parties may file a praecipe in the Municipal Court Action notifying that court of the vacatur of the Status Quo Order.

An appropriate order shall issue.

**Date: May 29, 2026**

_____
**DEREK J. BAKER**
**U.S. BANKRUPTCY JUDGE**

15