# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*In re:*

### TARANI A. JOHNSON,
*Debtor.*

Chapter 13 | Bky. No. 26-10372 (DJB)

---

### TARANI ALIKE JOHNSON,
*Plaintiff,*

*v.*

### WELLS FARGO BANK, N.A.; POWERS KIRN LLC;
### ROBERTSON, ANSCHUTZ, SCHNEID, CRANE &
### PARTNERS, PLLC d/b/a RAS LAW GROUP; and
### REED SMITH LLP,
*Defendants.*

Adversary Proceeding No. _26-00133-djb_

---

## PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION PENDING ADVERSARY PROCEEDING

**Pursuant to 11 U.S.C. § 105(a) and Fed. R. Civ. P. 65**
*Made Applicable by Fed. R. Bankr. P. 7065*

### EMERGENCY TRO REQUESTED — SHERIFF'S SALE OF PLAINTIFF'S HOME
### SCHEDULED JUNE 2, 2026

## I. INTRODUCTION AND BASIS FOR EMERGENCY TRO

1.  Plaintiff-Debtor Tarani A. Johnson ("Plaintiff") respectfully moves this Court on an emergency basis for: (1) an immediate temporary restraining order ("TRO") pursuant to Fed. R. Civ. P. 65(b), made applicable by Fed. R. Bankr. P. 7065, enjoining Wells Fargo Bank, N.A. ("Wells Fargo") from proceeding with the sheriff's sale of Plaintiff's home at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania 19131, presently scheduled for June 2, 2026; and (2) a preliminary injunction maintaining that restraint pending final resolution of the above-captioned adversary proceeding.

2.  This Court entered an Order Granting (In Part) Relief from the Automatic Stay [Dkt. No. 119] on May 29, 2026, the same day this Motion is filed. The 14-day stay of that Order under Fed. R. Bankr. P. 4001(a)(3) was expressly waived, meaning Wells Fargo may proceed to conduct the June 2 sheriff's sale immediately. Without emergency TRO relief from this Court, Plaintiff's home will be sold before the adversary proceeding can be heard, mooting the core relief sought therein and permanently displacing Plaintiff and her family.

3.  The adversary proceeding — which directly challenges the validity, enforceability, and satisfaction status of the very foreclosure judgment Wells Fargo seeks to enforce — was filed in good faith and presents substantial, non-frivolous claims. Allowing enforcement to proceed while those claims are pending would render the adversary proceeding a hollow exercise and strip this Court of the ability to grant meaningful relief.

4.  A TRO may issue ex parte under Rule 65(b) where "immediate and irreparable injury, loss, or damage will result" before the adverse party can be heard. Here, that standard is unambiguously met: a non-negotiable sale date of June 2, 2026 leaves no time for ordinary motion practice.

## II. JURISDICTION AND AUTHORITY

5.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b). The adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2), including matters concerning the allowance and disallowance of claims, determination of debtor-creditor relationships, and proceedings affecting the administration of the estate.

6.  11 U.S.C. § 105(a) provides this Court with independent authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." A TRO and preliminary injunction preventing the mootness of core bankruptcy court jurisdiction over pending adversary claims is squarely within this authority. See In re Philadelphia Newspapers, LLC, 407 B.R. 606, 616 (Bankr. E.D. Pa. 2009).

7.  Fed. R. Civ. P. 65, made applicable by Fed. R. Bankr. P. 7065, governs the procedural requirements for TRO and preliminary injunction relief in adversary proceedings before this Court. Consistent with Judge Baker's Judicial Practices and Procedures (p. 11), motions for TRO and preliminary injunction are scheduled in the same manner as requests for expedited hearings in contested matters. Notice of this Motion is being provided to all Defendants simultaneously with filing.

## III. THE PENDING ADVERSARY PROCEEDING

8.  Plaintiff has filed a First Amended Adversary Complaint asserting the following claims against Defendants:

    - Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692e, 1692f, 1692g, and 1692k, arising from Defendants' years of false, deceptive, and misleading representations concerning the legal status and enforceability of the alleged debt;

    - Violations of CFPB Regulation F, 12 C.F.R. § 1006.18;

    - Claim Disallowance pursuant to 11 U.S.C. § 502;

    - Accounting and Reconciliation;

    - Declaratory Relief pursuant to 28 U.S.C. § 2201 regarding the satisfaction, extinguishment, and discharge of the alleged debt;

    - Abuse of Process;

    - Sanctions and Equitable Relief pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 9011; and

    - Reservation of Supplemental and Continuing Damages.

9.  The core of the adversary proceeding is the allegation that the underlying foreclosure obligation has been fully satisfied, extinguished, or discharged through a series of post-judgment financial events, including: a K-1 income allocation of $1,076,573 associated with the 708 Loan 0483148607 Trust; accounting treatment reflecting a zero or surplus balance; and Truth in Lending Act rescission under 15 U.S.C. § 1635.

10. This adversary proceeding directly implicates the same foreclosure judgment that Wells Fargo seeks to enforce through the June 2 sheriff's sale. Allowing that sale to proceed will permanently and irrevocably moot the declaratory relief, claim disallowance, lien satisfaction, and FDCPA claims at the heart of the complaint.

## IV. THE TRO/PRELIMINARY INJUNCTION STANDARD IS FULLY SATISFIED

To obtain a TRO or preliminary injunction, a movant must demonstrate: (1) a reasonable probability of success on the merits; (2) irreparable harm if relief is denied; (3) that the balance of harms favors the movant; and (4) that the public interest favors relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017). For a TRO under Rule 65(b), the movant must additionally show that immediate and irreparable injury will result before the adverse party can be heard in opposition.

## V. Reasonable Probability of Success on the Merits

11. Plaintiff need not demonstrate certainty of success — only a reasonable probability that success is more likely than not. Reilly v. City of Harrisburg, 858 F.3d 173, 179 (3d Cir. 2017). That standard is satisfied here on five independent and reinforcing grounds spanning federal statute, federal common law, and state law operating as federal law through 11 U.S.C. § 502(b)(1).

### 1. FDCPA Claims — 15 U.S.C. §§ 1692d, 1692e, 1692f, 1692g

12. Plaintiff's FDCPA claims against Wells Fargo and the Defendant law firms present a reasonable probability of success on the merits. At all relevant times, Defendants acted as debt collectors within the meaning of 15 U.S.C. § 1692a(6). Defendants made repeated representations that Wells Fargo possessed a presently enforceable foreclosure judgment during the period when the record reflected only a 2018 verdict/worksheet disposition, without an entered judgment, until a praecipe was filed in April 2025. Representations concerning the legal status of a debt that are false or misleading violate 15 U.S.C. § 1692e. The use of foreclosure process, sheriff-sale activity, public auction listings, and collection litigation to enforce a potentially unenforceable or fully satisfied obligation constitutes conduct whose natural consequence is to harass, oppress, or abuse in violation of 15 U.S.C. § 1692d. Continued collection activity following Plaintiff's repeated requests for accounting and validation, without providing proper validation, violates 15 U.S.C. § 1692g. These claims are supported by years of documented conduct and present well-pleaded, plausible claims sufficient to establish likelihood of success for TRO purposes.

### 2. Satisfaction and Extinguishment — Converging Federal and State Authorities

13. The declaratory satisfaction claim is supported by a convergence of federal statutory provisions, federal common law, and state law that together establish a reasonable probability that the foreclosure judgment has been fully satisfied and is legally unenforceable. These authorities operate independently and cumulatively.

### (a) 42 Pa.C.S. § 8104 — Pennsylvania Satisfaction of Judgments

14. Under Pennsylvania law, a satisfied judgment may not be enforced. 42 Pa.C.S. § 8104. A creditor who receives full satisfaction of a judgment is required to enter satisfaction of record; continued enforcement of a satisfied judgment constitutes an actionable wrong. The K-1 allocation of $1,076,573 associated with the 708 Loan 0483148607 Trust, reconciled against Wells Fargo's own asserted judgment balance of approximately $684,912.50 through September 8, 2025, produces a

residual credit of approximately $391,660.50 in Plaintiff's favor — facially establishing full satisfaction under § 8104. This state law determination becomes federal law in this proceeding through 11 U.S.C. § 502(b)(1), which requires disallowance of any claim that is "unenforceable against the debtor or property of the debtor, under any agreement or applicable law."

### (b) 11 U.S.C. § 506(d) — Federal Lien Voidance

15. Under 11 U.S.C. § 506(d), a lien securing a claim is void to the extent the underlying claim is not an allowed secured claim. If the Claim Objection pending before this Court [Dkt. No. 72] succeeds — either on satisfaction grounds under § 8104 or on enforceability grounds under § 502(b)(1) — the lien securing Wells Fargo's asserted claim is automatically void by operation of federal statute. Section 506(d) is a direct federal parallel to § 8104's prohibition on enforcement of a satisfied obligation: both operate to extinguish the creditor's enforcement rights once the underlying obligation is established as unenforceable. Allowing the sheriff's sale to proceed before this Court adjudicates the Claim Objection forecloses § 506(d) relief before it can be applied.

### (c) 15 U.S.C. § 1635(b) — TILA Rescission Voids the Security Interest by Federal Statute

16. The Truth in Lending Act provides that upon an obligor's exercise of the right of rescission under 15 U.S.C. § 1635, "the security interest giving rise to the right of rescission becomes void." 15 U.S.C. § 1635(b). The Supreme Court held in *Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259 (2015)*, that rescission is effective upon written notice and does not require judicial action. Plaintiff has alleged effectuation of TILA rescission in the adversary complaint. If rescission was effectively exercised, the security interest upon which the sheriff's sale proceeds is void by operation of federal statute — independently of, and in addition to, the state law satisfaction argument under § 8104. This is arguably a stronger authority than § 8104 because it does not require reconciliation of financial events; the security interest voids automatically upon effective notice of rescission.

### (d) 26 U.S.C. § 6050P and Form 1099-C — Federal IRS Recognition of Debt Cancellation

17. Under 26 U.S.C. § 6050P, a financial institution that discharges an indebtedness of $600 or more is required to file a Form 1099-C with the Internal Revenue Service, reporting the discharge as a cancellation-of-debt event. The adversary complaint and the Supplemental Memorandum identify Form 1099-C activity in connection with the alleged obligation. A creditor who reports debt cancellation to the IRS under § 6050P — thereby creating a federal tax record of discharge — while simultaneously seeking to enforce the same discharged obligation through a state-law sheriff's sale,

creates an irreconcilable legal inconsistency. Courts have recognized that Form 1099-C reporting constitutes prima facie evidence of debt cancellation. See FDIC v. Cashion, 720 F.3d 169 (4th Cir. 2013). The IRS Wage and Income Transcript for tax year 2024, issued May 22, 2026 and filed herewith, reflects 1099-A acquisition/abandonment reporting by the 708 Loan 0483148607 Trust — the same entity from which the satisfaction K-1 allocation was issued — with a balance of principal outstanding of $957,218 and a notation that the borrower is "not personally liable." The federal tax reporting record is consistent with — and corroborates — the satisfaction and extinguishment position.

**(e)  26 U.S.C. § 108 — Federal Exclusion of Discharge of Indebtedness Income in Title 11 Cases**

18.   Under 26 U.S.C. § 108(a)(1)(A), gross income does not include income from the discharge of indebtedness if the discharge occurs in a case under Title 11 of the United States Code. The Plaintiff filed her Chapter 13 petition on January 30, 2026. To the extent any discharge or cancellation of the underlying obligation occurred within the context of, or in connection with, this Title 11 proceeding, § 108 provides the federal statutory framework recognizing that discharge as a legally cognizable event. The IRS's own reporting on the 1099-R and 1099-A forms — reflecting gross distributions of $3,306,436 and $1,085,123 from the same trust entities that issued the K-1 allocations, with the borrower not personally liable — is consistent with a federal tax treatment of the underlying obligation as discharged or extinguished.

**(f)   Restatement (Third) of Property (Mortgages) § 8.5 — Federal Common Law of Mortgage Satisfaction**

19.   Federal bankruptcy courts apply general common law principles, including the Restatement (Third) of Property (Mortgages), in adjudicating mortgage enforcement disputes that intersect with federal bankruptcy administration. Section 8.5 of the Restatement provides that a mortgage obligation is extinguished upon full payment or satisfaction, regardless of the procedural vehicle through which satisfaction is achieved. The Restatement principle operates in parallel with 42 Pa.C.S. § 8104 and reinforces the federal common law basis for enjoining enforcement of an obligation whose satisfaction is supported by documented financial events in the record.

**(g)  13 Pa.C.S. § 9625 — UCC Remedies; Municipal Court Default Judgment (Estate Property)**

20.   This Court has confirmed — in its Opinion entered May 29, 2026 [Dkt. No. 120, p. 6] — that the February 17, 2026 Municipal Court Default Judgment against Wells Fargo for UCC violations under

13 Pa.C.S. § 9625 constitutes property of the bankruptcy estate pursuant to 11 U.S.C. §§ 541 and 1306, and that the Default Judgment remains in full force and effect pending the Municipal Court's disposition of the Petition to Open. Section 9625 of the Pennsylvania UCC authorizes a court to restrain a secured party from enforcing a security interest in violation of applicable law. Although the Municipal Court's Default Judgment is silent as to a specific enforcement prohibition, that judgment reflects a judicial determination of UCC noncompliance that remains live and unreversed. The existence of that judgment as estate property, combined with the unresolved UCC compliance issues it embodies, provides an independent ground supporting injunctive relief against enforcement of the same security interest.

### 3. Claim Disallowance — 11 U.S.C. § 502(b) and Pending Claim Objection [Dkt. No. 72]

21. The adversary proceeding's claim disallowance count presents a reasonable probability of success. Under 11 U.S.C. § 502(b)(1), a claim shall be disallowed if it is "unenforceable against the debtor or property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." Plaintiff's Amended Objection to Claim No. 6 [Dkt. No. 72] — presently under advisement before this Court — asserts precisely this ground: that Wells Fargo's claim is unenforceable because the underlying obligation has been satisfied, extinguished, or discharged through the financial events described herein and in the adversary complaint. Once an objection is raised, the burden shifts to the claimant to establish the validity and amount of the claim by a preponderance of the evidence. In re Allegheny Int'l, Inc., 954 F.2d 167, 173–74 (3d Cir. 1992). Wells Fargo's failure to reconcile the K-1 allocation, the 1099-A acquisition reporting, the 1099-C activity, and the accounting discrepancies identified throughout this litigation means it cannot presently carry that burden. A claim that cannot withstand § 502(b) scrutiny cannot sustain a sheriff's sale.

### 4. Abuse of Process and Sanctions — 11 U.S.C. § 105 and Fed. R. Bankr. P. 9011

22. The adversary proceeding's abuse of process and sanctions counts present a reasonable probability of success. Defendants — including three law firms acting as participants in the debt-collection and foreclosure enterprise — continued enforcement and collection activity through multiple forums over multiple years despite: (i) unresolved accounting and reconciliation disputes; (ii) the absence of a properly entered judgment for a period during which enforcement was actively pursued; and (iii) the IRS-reported financial events reflecting satisfaction or extinguishment of the underlying obligation. Continued prosecution of foreclosure proceedings in those circumstances, using legal

process as a means of pressure rather than legitimate enforcement, supports an abuse of process claim. Representations made within this bankruptcy proceeding concerning the validity and enforceability of Wells Fargo's claim, without reconciling the financial events identified herein, implicate Fed. R. Bankr. P. 9011. This Court retains authority under 11 U.S.C. § 105(a) to enjoin conduct that abuses the processes of this Court and the bankruptcy system.

## 5. Summary of Likelihood of Success

23.  Plaintiff does not rest on any single theory. The likelihood of success on the merits is established by five independent grounds: (1) well-pleaded FDCPA violations supported by years of documented conduct; (2) a satisfaction and extinguishment claim buttressed by 42 Pa.C.S. § 8104, 11 U.S.C. §§ 502(b)(1) and 506(d), 15 U.S.C. § 1635(b), 26 U.S.C. §§ 6050P and 108, Restatement (Third) of Property § 8.5, and 13 Pa.C.S. § 9625; (3) a pending federal claim disallowance under 11 U.S.C. § 502(b)(1) that Wells Fargo cannot presently satisfy; (4) abuse of process and sanctions claims arising from the continuing use of legal mechanisms to enforce an unreconciled and potentially extinguished obligation; and (5) this Court's independent authority under 11 U.S.C. § 105(a) to preserve its own jurisdiction and prevent mootness of the pending adversary proceeding and Claim Objection. The convergence of these authorities across multiple independent legal frameworks more than satisfies the reasonable probability standard required for preliminary injunction relief.

## D. Public Interest

24.  The public interest strongly and independently supports TRO relief on three grounds.

25.  First, the FDCPA was enacted specifically to protect consumers from abusive, deceptive, and misleading debt-collection conduct. Permitting a sheriff's sale to proceed while substantial, well-pleaded FDCPA claims against the selling creditor and its collection counsel are pending in this Court undermines the consumer protection purpose Congress established. A TRO preserving the status quo pending adjudication of those claims is consistent with, not contrary to, the public interest.

26.  Second, there is a strong public interest in the orderly administration of bankruptcy proceedings and in preventing actions that deprive the bankruptcy court of jurisdiction over matters it has accepted for adjudication. See Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995). This Court has accepted jurisdiction over the Claim Objection and the adversary proceeding. A state-law execution sale proceeding before those matters are resolved divests this Court of jurisdiction over its own docket.

27.  Third, there is a recognized public interest in preventing the wrongful loss of a family's primary residence, particularly where the underlying obligation is subject to a bona fide, well-supported

dispute regarding satisfaction and extinguishment. The judicial system's integrity is best served by resolving that dispute before, not after, irreversible enforcement.

## V. INDEPENDENT BASIS UNDER 11 U.S.C. § 105(A)

28. Separately and independently from the Rule 65 analysis, 11 U.S.C. § 105(a) empowers this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

29. The Bankruptcy Code's provisions include: the orderly administration of the estate under § 1322; the allowance and disallowance of claims under § 502; and the debtor's right to object to and litigate the validity of secured claims through the adversary process. Allowing a state-law sheriff's sale to proceed while this Court's jurisdiction over each of these core matters is actively pending is neither necessary nor appropriate to carry out these provisions — it directly contradicts them.

30. Section 105(a) has been applied in this district to issue injunctive relief preventing state-court or other proceedings that would impair the bankruptcy court's ability to administer the estate and adjudicate pending matters. In re Philadelphia Newspapers, LLC, 407 B.R. at 616. The same authority supports a TRO here.

## VI. JUSTIFICATION FOR EX PARTE TRO RELIEF UNDER RULE 65(B)

31. Rule 65(b)(1) authorizes a TRO to issue without notice to the adverse party only if: (A) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

32. As to element (A): the June 2, 2026 sheriff's sale is four days away. Standard motion practice — even on an expedited schedule — cannot be completed before that date without ex parte interim relief. The facts stated herein, together with the record of this case, clearly establish immediate and irreparable injury.

33. As to element (B): Plaintiff has provided contemporaneous notice to Wells Fargo's counsel of record (Aaron M. Bender, Esq., Reed Smith LLP) by telephone and electronic mail simultaneously with this filing, advising of the nature of the emergency and the relief sought. Plaintiff has also notified Judge Baker's Courtroom Deputy, John Barbetta, by telephone. While full adversarial briefing

cannot be completed before the sale date, Plaintiff respectfully submits that the Court may issue an immediate TRO ex parte, to be followed by an expedited hearing on the preliminary injunction at which Wells Fargo will have full opportunity to be heard.

34. Rule 65(b)(2) requires that any ex parte TRO expire within 14 days absent extension for good cause. Plaintiff requests that the TRO remain in effect pending the expedited hearing on the preliminary injunction, which Plaintiff requests be scheduled within 14 days.

## VII. BOND REQUIREMENT SHOULD BE WAIVED OR SET NOMINALLY

35. Rule 65(c) requires the movant to give security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined." Courts have broad discretion to set a nominal bond or waive the requirement where the movant is a pro se individual of limited financial means and the risk of harm to the restrained party is minimal. See *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999).

36. Plaintiff is a pro se debtor in Chapter 13 proceedings. Wells Fargo's security position is fully protected by the substantial equity in the property during any injunctive period. No meaningful harm to Wells Fargo could flow from a brief injunction that could not be adequately compensated without the necessity of a surety bond. Plaintiff respectfully requests that the bond be waived or set at a nominal amount.

## VIII. PRAYER FOR RELIEF

**WHEREFORE, Plaintiff-Debtor Tarani A. Johnson respectfully requests that this Court:**

**A.** Issue an immediate ex parte Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) enjoining Wells Fargo Bank, N.A., its agents, attorneys, and all persons acting in concert with it, from conducting the sheriff's sale of the property at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania 19131, presently scheduled for June 2, 2026, pending a hearing on Plaintiff's Motion for Preliminary Injunction;

**B.** Schedule an expedited hearing on Plaintiff's Motion for Preliminary Injunction on the earliest available date, and in any event within 14 days of entry of the TRO, consistent with Judge Baker's Judicial Practices and Procedures governing requests for expedited hearings;

**C.** Upon hearing, convert the TRO into a Preliminary Injunction maintaining the restraint on the sheriff's sale pending final resolution of the above-captioned adversary proceeding;

**D.**     In the alternative, issue a Preliminary Injunction pending resolution of the pending Amended Objection to Claim No. 6 [Dkt. No. 72] and Motion for Entry of Order Determining Satisfaction of Lien [Dkt. No. 90];

**E.**     Issue the injunction pursuant to 11 U.S.C. § 105(a) as independently necessary and appropriate to preserve this Court's jurisdiction over the pending adversary proceeding and core bankruptcy matters;

**F.**     Waive or set at a nominal amount the bond requirement under Fed. R. Civ. P. 65(c) in light of Plaintiff's financial circumstances and the absence of cognizable harm to Wells Fargo during any injunctive period; and

**G.**     Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th, May 2026.

By /s/ Johnson, Taroni-alika, sui Juris

Taroni- Nike Johnson, sui Juris