## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*In re:*

### TARANI A. JOHNSON,

*Debtor.*

Chapter 13 | Bky. No. 26-10372 (DJB)

---

### TARANI ALIKE JOHNSON,

*Plaintiff,*

*v.*

### WELLS FARGO BANK, N.A.;

### POWERS KIRN LLC;

### ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS,

### PLLC d/b/a RAS LAW GROUP; and

### REED SMITH LLP,

*Defendants.*

Adversary Proceeding No. _26-00133-djb_

---

### PLAINTIFF'S MOTION FOR EXPEDITED HEARING ON
### EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER
### AND PRELIMINARY INJUNCTION PENDING ADVERSARY PROCEEDING

*Pursuant to Local Rule 9014-2(a)(12), 5070-1(g), and Judge Baker's Judicial Practices and Procedures (p. 11)*

---

### SHERIFF'S SALE SCHEDULED JUNE 2, 2026 — FOUR DAYS FROM DATE OF FILING

---

### I. INTRODUCTION

1. Plaintiff-Debtor Tarani A. Johnson respectfully moves this Court pursuant to Local Rule 9014-2(a)(12) and Local Rule 5070-1(g), and consistent with Judge Baker's Judicial Practices and Procedures governing TRO and preliminary injunction motions in adversary proceedings (p. 11), for an expedited hearing on her Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pending Adversary Proceeding (the "TRO Motion"), filed simultaneously herewith.

2.    The TRO Motion seeks an immediate temporary restraining order under Fed. R. Civ. P. 65(b), made applicable by Fed. R. Bankr. P. 7065, enjoining Wells Fargo Bank, N.A. and all persons acting in concert with it from conducting the sheriff's sale of Plaintiff's home at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania 19131, presently scheduled for June 2, 2026, pending final resolution of the above-captioned adversary proceeding.

3.    Judge Baker's Judicial Practices and Procedures expressly provides that "[h]earings on motions for temporary restraining orders or preliminary injunctions are scheduled in the same manner as requests for expedited hearings in contested matters." Practices and Procedures at p. 11. This Motion for Expedited Hearing is filed in conformity with that procedure.

## II. BASIS FOR EXPEDITED RELIEF

4.    Expedited consideration is required for the following reasons, each of which independently justifies the request:

5.    First, the June 2, 2026 sheriff's sale date is immovable absent a court order. The Stay Relief Order [Dkt. No. 119] entered May 29, 2026 expressly waived the 14-day stay of Fed. R. Bankr. P. 4001(a)(3), meaning Wells Fargo may proceed to sale immediately. Standard motion practice cannot be completed in four days.

6.    Second, the adversary proceeding directly challenges the validity, enforceability, and satisfaction status of the foreclosure judgment Wells Fargo seeks to enforce through the sale. Allowing the sale to proceed while those claims are pending before this Court will moot the core declaratory, satisfaction, and lien-extinguishment relief sought in the adversary complaint — permanently depriving this Court of the ability to grant complete relief.

7.    Third, the TRO Motion presents five independent grounds establishing a reasonable probability of success on the merits: FDCPA violations; federal and state satisfaction authorities including 42 Pa.C.S. § 8104, 11 U.S.C. §§ 502(b)(1) and 506(d), 15 U.S.C. § 1635(b), 26 U.S.C. §§ 6050P and 108, and 13 Pa.C.S. § 9625; pending claim disallowance under 11 U.S.C. § 502(b); abuse of process; and 11 U.S.C. § 105(a). The convergence of these authorities across multiple independent legal frameworks satisfies the reasonable probability standard by a substantial margin.

8.    Fourth, the irreparable harm is absolute and cannot be remedied after the fact. Once Plaintiff's home is sold at sheriff's sale, no monetary remedy can restore it. The family will be permanently displaced, and the bankruptcy court's jurisdiction over the pending adversary claims will be effectively extinguished.

## III. COMPLIANCE WITH JUDGE BAKER'S PROCEDURES

9.    Consistent with Judge Baker's Judicial Practices and Procedures, Plaintiff has taken the following steps prior to filing:

- Notified Judge Baker's Courtroom Deputy, John Barbetta, at (215) 408-2839, by telephone on May 29, 2026, of the intention to file this Motion for Expedited Hearing and the June 2 sale date, as strongly encouraged by the Practices and Procedures;

- Attempted to consult with Wells Fargo's counsel of record, Aaron M. Bender, Esq. of Reed Smith LLP, by telephone and electronic mail on May 29, 2026, regarding the relief sought and availability for an expedited hearing; and
- Attached hereto as Exhibit A the Proposed Order for Scheduling of Expedited Hearing in the form prescribed by Judge Baker's Judicial Practices and Procedures, using the official form provided on the Court's website.

10. Plaintiff has provided contemporaneous notice of the TRO Motion and this Motion for Expedited Hearing to all Defendants and their counsel of record via CM/ECF and electronic mail simultaneously with this filing, consistent with Fed. R. Bankr. P. 7065 and Judge Baker's Practices and Procedures at p. 11.

## IV. RELIEF REQUESTED

11. Plaintiff respectfully requests that this Court:

**A.** Schedule an expedited hearing on the TRO Motion on the earliest available date prior to June 2, 2026, and if possible on June 1, 2026;

**B.** Issue an immediate ex parte Temporary Restraining Order enjoining the June 2, 2026 sheriff's sale pending the expedited hearing, pursuant to Fed. R. Civ. P. 65(b);

**C.** Enter the Proposed Order attached hereto as Exhibit A in the form prescribed by Judge Baker's Judicial Practices and Procedures; and

**D.** Grant such other and further relief as this Court deems just and proper.

## V. PROPOSED SCHEDULE

12. Given the June 2, 2026 sale date, Plaintiff respectfully proposes the following emergency schedule:

- Expedited hearing: June 1, 2026, at the earliest available time on Judge Baker's calendar (or any time on May 30 or May 31, 2026 if the Court's calendar permits);
- Defendants' response: due by 9:00 a.m. on the day of the hearing, or any earlier deadline the Court may set;
- Plaintiff's evidentiary proffer and Rule 43(c) affidavit: to be filed by 5:00 p.m. on May 30, 2026, or at the hearing as the Court directs; and
- Immediate ex parte TRO: to issue upon filing and in effect through the expedited hearing and disposition of the TRO Motion.

**Certification of Consultation Pursuant to Local Rule 5070-1(g)(1)**

Pursuant to Local Rule 5070-1(g)(1) and Judge Baker's Judicial Practices and Procedures, Debtor-Plaintiff Tarani A. Johnson hereby certifies as follows:

13. On May 29, 2026, prior to filing the Emergency Motion for Temporary Restraining Order and Preliminary Injunction Pending Adversary Proceeding and this Motion for Expedited Hearing, Debtor-Plaintiff attempted to consult with counsel for Wells Fargo Bank, N.A. — Aaron M. Bender, Esq. of Reed Smith LLP — regarding the relief requested and Respondent's availability for an expedited hearing. Debtor-Plaintiff placed a telephone call to Reed Smith LLP and transmitted written notice by electronic mail to all counsel of record advising of the nature of the emergency and the relief to be sought.

14. Debtor-Plaintiff also notified Judge Baker's Courtroom Deputy, John Barbetta, at (215) 408-2839, by telephone on May 29, 2026 of the intention to file this Motion for Expedited Hearing and the June 2, 2026 sheriff's sale deadline, as strongly encouraged by Judge Baker's Judicial Practices and Procedures.

15. As of the time of filing, Debtor-Plaintiff has not received a response from Wells Fargo's counsel confirming consent or availability. The nature of the emergency — a non-negotiable sheriff's sale date of June 2, 2026, four days from the date of this filing — makes it impossible to await a full adversarial response before seeking expedited relief. Debtor-Plaintiff respectfully submits that the urgency of the circumstances justifies proceeding notwithstanding the absence of confirmed consent.

Respectfully submitted this May 29, 2026,

By: /cs/ johnson, tarani-alike, sui juris

**Tarani-Alike Johnson, sui juris**

## Certificate of Service

I, Tarani Alike Johnson, hereby certify that on May 29, 2026, I served a true and correct copy of this Motion for Expedited Hearing and the attached Proposed Order upon all parties of record via the Court's CM/ECF system, which provides electronic notice to: Michael Troy Freedman, Esq. and/or Aaron M. Bender, Esq., Reed Smith LLP; Jordan Katz, Esq., Robertson, Anschutz, Schneid, Crane & Partners, PLLC; Kenneth E. West, Chapter 13 Trustee; and the Office of the United States Trustee. I additionally transmitted this Motion by electronic mail to all counsel of record. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Respectfully submitted this May 29, 2026,

By: /cs/ johnson, tarani-alike, sui juris

**Tarani-Alike Johnson, sui juris**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:   TARANI A. JOHNSON          :        Chapter  13
                                    :
                Debtor(s)           :        Bky. No.  26-10372-djb

## O R D E R

AND NOW, upon consideration of_____
_____ ("the
Motion"), and the request for an expedited hearing thereon, and sufficient cause being shown, it
is hereby **ORDERED** that:

1.  The request for an expedited hearing is **GRANTED** as set forth herein.

2.  A hearing to consider the Motion shall be held on _____, 202_,
    at _____ _____.m. (the "Hearing"). The Hearing will be conducted in the
    following format:

☐ Video Conference using the following link. If no link is provided, the video conference link
will be included on the hearing calendar.
☐ In-Person at _____, in the United States Bankruptcy Court, Robert N.C.
Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107 – Courtroom 2.

The Hearing on this Motion will be an evidentiary hearing.

3.  Written objections or other responsive pleadings to the Motion (while not required) may be
    filed up to the time of the hearing and all objections will be considered at the hearing.

4.  The Movant(s) shall serve the Motion and this Order on the U.S. Trustee, the case Trustee (if
    any), the individual Respondent(s) (if any), all secured creditors and all parties otherwise
    requesting notice by overnight mail, facsimile transmission or e-mail transmission no later
    than 5:00 p.m. on _____.
    Service made to each party identified above through the court's CM/ECF system is effective.

5.  The Movant(s) shall serve this Order and a Notice of the Motion in conformity with Local
    Bankruptcy Form 9014-3 on all other parties in interest, including creditors, by regular mail
    no later than 5:00 p.m. on _____.

6.  The Movant shall file a Certification of Service as required by Local Rule 9014-4.

Date: _____          _____
                          **DEREK J. BAKER**
                          **U.S. BANKRUPTCY JUDGE**