# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*In re:*

### TARANI A. JOHNSON,

*Debtor.*

Chapter 13 | Bky. No. 26-10372 (DJB)

---

## DEBTOR'S OMNIBUS EMERGENCY MOTION:

### (I) MOTION FOR RECONSIDERATION OF ORDER GRANTING RELIEF FROM AUTOMATIC STAY [DKT. NO. 119];

### (II) MOTION TO REOPEN EVIDENTIARY RECORD; AND

### (III) MOTION TO STAY ENFORCEMENT OF ORDER PENDING RECONSIDERATION

*Pursuant to Fed. R. Civ. P. 59(e), 60(b)(2), and 62(b) | Fed. R. Bankr. P. 9023, 9024, and 8007*

---

### EMERGENCY RELIEF REQUESTED — SHERIFF'S SALE OF DEBTOR'S HOME SCHEDULED JUNE 2, 2026

---

## PRELIMINARY STATEMENT

1. Debtor Tarani A. Johnson respectfully presents this Omnibus Emergency Motion seeking three forms of interrelated relief necessary to prevent the irreversible loss of her home before this Court has had the opportunity to consider newly available and legally significant evidence bearing directly on the matters adjudicated in the Stay Relief Order [Dkt. No. 119].

2. The Court entered the Stay Relief Order on May 29, 2026 — the same day as this filing. A sheriff's sale is scheduled for June 2, 2026. There are four days in which to act. The three motions presented herein are inextricably linked: the evidentiary record must be reopened to allow consideration of newly available evidence; once that evidence is before the Court, reconsideration of the Stay Relief Order is warranted; and the sheriff's sale must be stayed pending that reconsideration so that relief is not rendered moot before it can be granted.

3.  Debtor respectfully requests that this Court: (1) reopen the evidentiary record to receive newly available evidence that was not available at the May 20, 2026 hearing; (2) reconsider the Stay Relief Order in light of that new evidence and the legal errors identified herein; and (3) immediately stay enforcement of the Stay Relief Order pending disposition of this Omnibus Motion.

## MOTION I — MOTION FOR RECONSIDERATION OF ORDER GRANTING RELIEF FROM AUTOMATIC STAY [DKT. NO. 119]

*Pursuant to Fed. R. Civ. P. 59(e) and 60(b)(2), made applicable by Fed. R. Bankr. P. 9023 and 9024.*

### I. LEGAL STANDARD FOR RECONSIDERATION

4.  Under Fed. R. Civ. P. 59(e), made applicable by Fed. R. Bankr. P. 9023, a court may alter or amend a judgment to: (1) correct manifest errors of law or fact; (2) incorporate newly discovered evidence; or (3) prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

5.  Under Fed. R. Civ. P. 60(b)(2), made applicable by Fed. R. Bankr. P. 9024, relief from a final order is warranted upon a showing of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." The test requires that: (i) the evidence was discovered after entry of the order; (ii) the moving party exercised due diligence; (iii) the evidence is not merely cumulative; and (iv) it would likely change the outcome. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991).

6.  All four elements are satisfied here. At the May 20, 2026 hearing, Debtor expressly advised the Court that she was awaiting the return of her IRS Form 4506-T transcript request and therefore did not yet have all of her IRS transcript information available for submission. The IRS Wage and Income Transcript for tax year 2024 was issued on May 22, 2026 — two days after the hearing and seven days before entry of the Stay Relief Order. The comparable-sale information described below became practically available to Debtor only after the hearing, as explained herein. The evidence is not cumulative but is instead dispositive of the feasibility and estate-asset questions the Court found determinative; and it would materially alter the Court's analysis under 11 U.S.C. §§ 362(d)(1) and (d)(2).

## II. GROUNDS FOR RECONSIDERATION

### A. Newly Discovered Evidence: April 2026 Comparable Sale at $955,000

7. Subsequent to the May 20, 2026 hearing, Debtor's husband contacted a neighbor to advise that some of the neighbor's mail had been mistakenly delivered to the Debtor's address at 2285 Bryn Mawr Avenue. During that conversation, Debtor's husband learned for the first time that the neighbor had recently sold the property at 2291 Bryn Mawr Avenue — an immediately adjacent and substantially similar property — for approximately $955,000 on or about April 13, 2026. This information was entirely unknown to Debtor before that post-hearing conversation. Debtor had no access to real-time MLS data and no professional real estate resources that would have surfaced this transaction before the hearing.

8. This April 2026 sale directly corroborates a prior 2023 professional appraisal valuing Debtor's property at approximately $1,000,000. Debtor's property at 2285 Bryn Mawr Avenue is larger than the adjacent property, containing greater square footage, additional bedrooms and bathrooms, and a separate carriage-house apartment unit. A property worth $955,000 to $1,000,000 against Wells Fargo's asserted judgment balance of $672,152.75 reflects substantial equity of approximately $280,000 to $330,000 — directly contradicting the equity and feasibility premises upon which the Stay Relief Order rested.

### B. Newly Discovered Evidence: IRS Wage and Income Transcript — Tax Year 2024

9. As Debtor advised the Court at the May 20, 2026 hearing, she was actively awaiting the return of her IRS Form 4506-T transcript request and did not yet have her complete IRS transcript information available. The IRS Wage and Income Transcript for tax year 2024 was issued on May 22, 2026 — two days after the hearing closed. This transcript is an official federal government document issued directly by the Internal Revenue Service and constitutes newly discovered evidence within the meaning of Rule 60(b)(2) that, by definition, could not have been produced at the hearing.

10. The transcript reflects a distinct and materially significant set of financial events that are entirely separate from — and must not be confused with — the K-1 allocation that was previously referenced in connection with the 708 Loan 0483148607 Trust in the context of the satisfaction and reconciliation arguments raised in the Claim Objection and Lien Satisfaction Motion. The financial events now disclosed by the IRS transcript are presented here specifically and solely as evidence bearing on the Debtor's capacity to reorganize, the feasibility of the Chapter 13 plan, the existence

of substantial estate assets, and the Court's adequate-protection analysis under 11 U.S.C. § 362(d)(1).

11. The IRS Wage and Income Transcript for tax year 2024, Tracking Number 110489487950, issued May 22, 2026, reflects the following verified financial events:

**W-2 Federal Withholding — Three Employers:**
- Employer 1 (EIN XX-XXX8832): Federal income tax withheld of $32,500.00;
- Employer 2 (EIN XX-XXX5007): Federal income tax withheld of $54,000.00; and
- Employer 3 (EIN XX-XXX7722): Federal income tax withheld of $47,500.00.
- Total Federal income tax withheld from W-2 sources: $134,000.00.

**Schedule K-1 (Form 1041) — Two Trust Distributions:**
- Trust 1 (EIN XX-XXX8358): Other portfolio and non-business income of $1,229,863.00, tax period January 1, 2024 through December 31, 2024; and
- Trust 2 (EIN XX-XXX2206): Other portfolio and non-business income of $350,939.00, tax period January 1, 2024 through December 31, 2024.
- Total Schedule K-1 trust income: $1,580,802.00. These K-1 allocations are trust distributions to Debtor as beneficiary and reflect income recognized for federal tax purposes under established federal income tax law. See United States v. Basye, 410 U.S. 441 (1973); Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 729 (1929).

**Form 1099-R — Retirement and Distribution Proceeds:**
- Distribution 1 (Payer EIN XX-XXX8358): Gross distribution of $1,229,863.00; federal tax withheld of $1,229,863.00; Distribution Code 7 (normal distribution); and
- Distribution 2 (Payer EIN XX-XXX2206): Gross distribution of $$350,938.00; federal tax withheld of $350,938.00; Distribution Code 7 (normal distribution).
- Total 1099-R gross distributions: $1,580,801.00; total 1099-R federal tax withheld: $1,580,801.00.

**Form 1099-B —Federal Withholding:**
- Transaction 1: Federal income tax withheld $296,639.00;
- Transaction 2: Federal income tax withheld $766.00;
- Transaction 3: Federal income tax withheld $153,880.00;
- Transaction 4: Federal income tax withheld $11,465.00;
- Transaction 5: Federal income tax withheld $154,177.00; and
- Transaction 6: Federal income tax withheld $154,177.00. Note: Transactions 5 and 6 are distinct transactions with different proceeds and basis amounts; they are reported separately. The transcript contains a corrected duplicate of Transaction 4 (same amounts) which is reported once herein.

**Form 1099-K — Payment Card Transactions:**

- Gross payment card and third-party network transactions of $33,600.00 (35 transactions, Merchant Category Code 6513 — real estate rentals), reflecting active income-generating activity at the subject property and consistent with Debtor's carriage-house apartment rental efforts.

12. Collectively, the IRS transcript confirms that Debtor is a beneficiary of substantial trust distributions, a recipient of substantial W-2 wages from three separate employers, and a participant in significant broker and retirement distribution events — all for tax year 2024. These IRS-confirmed financial events directly bear on: (a) the feasibility of Debtor's Chapter 13 reorganization; (b) Debtor's capacity to provide adequate protection to Wells Fargo through plan payments; (c) the existence of substantial estate assets subject to administration; and (d) the Court's analysis under 11 U.S.C. §§ 362(d)(1) and (d)(2). This evidence was not before the Court at the May 20, 2026 hearing — Debtor expressly advised the Court that her 4506-T had not yet been returned — and constitutes newly discovered, non-cumulative evidence that would materially alter the stay-relief analysis.

### III. LEGAL ERRORS IN THE STAY RELIEF ORDER

#### A. Error: Stay Lifted Before Pending Claim Objection and Lien Satisfaction Motion Were Resolved

13. The Stay Relief Order acknowledges that Debtor's Amended Objection to Claim No. 6 [Dkt. No. 72] remains under advisement following the May 20, 2026 hearing [Dkt. No. 109], and that the companion Motion for Entry of Order Determining Satisfaction of Lien [Dkt. No. 90] is held in abeyance [Dkt. No. 110]. Both remain unresolved as of this filing.

14. Allowing the sheriff's sale to proceed before these matters are resolved will moot them entirely. Once the property is sold, no practical remedy exists for a ruling in Debtor's favor on the claim. The Court's broad discretion under In re Mager, 614 B.R. 504, 509 (Bankr. E.D. Pa. 2020), does not extend to rendering its own pending adjudications nullities. The appropriate exercise of that discretion on this record is to maintain the status quo until the Claim Objection is resolved.

#### B. Error: Merger Doctrine Election Requires Post-Judgment Satisfaction Reconciliation

15. The Stay Relief Order accepted Wells Fargo's election to proceed exclusively under the Foreclosure Judgment via the merger doctrine, citing In re Stendardo, 991 F.2d 1089, 1095 (3d Cir. 1993). That election carries a necessary corollary: post-judgment satisfaction events are now the only legally cognizable basis for challenging enforceability. Pennsylvania law provides that a satisfied judgment may not be enforced. 42 Pa.C.S. § 8104. The Court cannot coherently accept the merger doctrine election while simultaneously declining to adjudicate post-judgment satisfaction evidence. By

routing the satisfaction question to state court, the Stay Relief Order creates an untenable asymmetry: Wells Fargo invokes merger in this Court to defeat Debtor's underlying obligations, yet the Court directs Debtor to state court to litigate the direct legal consequence of that same merger. That result constitutes manifest legal error warranting reconsideration.

## MOTION II — MOTION TO REOPEN EVIDENTIARY RECORD

*Pursuant to Fed. R. Civ. P. 59(a) and 60(b)(2), made applicable by Fed. R. Bankr. P. 9023 and 9024, and the Court's inherent authority.*

### I. LEGAL STANDARD

16. A bankruptcy court possesses broad inherent authority to reopen an evidentiary record before a final order becomes unappealable, particularly where newly discovered evidence bears materially on the issues adjudicated. Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 229 (3d Cir. 2004). The Stay Relief Order itself acknowledged this standard, noting the Court has "[g]reat flexibility" in determining whether to reopen the record. Stay Relief Order at p. 5, fn. 3. The touchstone is avoiding the perpetuation of injustice, balanced against burden on the parties, undue prejudice, and judicial economy.

### II. WHY THE COURT'S PRIOR RULING ON POST-HEARING SUBMISSIONS DOES NOT BAR RELIEF

17. The Stay Relief Order declined to consider Debtor's post-hearing submissions, reasoning there was "no reason the Debtor could not have produced this information at the hearing." Stay Relief Order at p. 5, fn. 3. With respect, the specific evidence now presented is materially distinguishable.

18. First, regarding the IRS transcript: Debtor expressly advised the Court at the May 20, 2026 hearing that her IRS Form 4506-T request had not yet been returned and that she therefore lacked her complete transcript information. The IRS issued the Wage and Income Transcript on May 22, 2026 — two days after the hearing. By definition, a document that did not yet exist as a completed government-issued transcript on the day of the hearing cannot have been produced at that hearing. This is not a circumstance of a party withholding available evidence; it is a circumstance of evidence that literally did not exist in final form until after the record closed.

19. Second, regarding the comparable sale: Debtor learned of the April 2026 sale of the adjacent property at 2291 Bryn Mawr Avenue only when her husband, in the course of returning mislaid mail

to the neighbor after the hearing, was informed by the neighbor that their home had recently sold. This information was not available to Debtor through any ordinary means before the hearing. Debtor is a pro se litigant without access to professional real estate databases or MLS services.

20. These are circumstances of genuinely newly available evidence. Reopening the record to receive this evidence is consistent with the Court's equitable mandate and prevents the perpetuation of injustice that Gibson requires courts to avoid.

### III. EVIDENCE TO BE ADMITTED UPON REOPENING

21. Debtor respectfully requests that upon reopening the record, the Court admit and consider the following:

- The IRS Wage and Income Transcript for tax year 2024, Tracking Number 110489487950, issued May 22, 2026 (to be submitted under seal given its sensitive taxpayer data);

- Recorded comparable-sale data for 2291 Bryn Mawr Avenue — April 2026 sale at approximately $955,000;

- Prior 2023 professional appraisal of the subject property at approximately $1,000,000;

- Documentation of rental marketing activity for the carriage-house apartment unit and FurnishedFinder.com inquiries evidencing income-generating capacity at the subject property; and

- An amended Chapter 13 plan and amended schedules reflecting the updated financial and valuation information, to be filed promptly upon reopening of the record.

22. Debtor requests the opportunity to present this evidence by affidavit or proffer, consistent with Judge Baker's Practices and Procedures, with Wells Fargo afforded a reasonable opportunity to respond at the expedited hearing.

Respectfully submitted this May 29, 2026,

By: _____

**Tarani-Alike Johnson, sui juris**

## MOTION III — MOTION TO STAY ENFORCEMENT OF THE STAY RELIEF ORDER PENDING RECONSIDERATION

*Pursuant to Fed. R. Civ. P. 62(b) and Fed. R. Bankr. P. 8007(a).*

### I. LEGAL STANDARD

23. Under Fed. R. Civ. P. 62(b), made applicable by Fed. R. Bankr. P. 9014, the Court may stay enforcement of an order while a motion under Rules 59 or 60 is pending. Fed. R. Bankr. P. 8007(a) authorizes the bankruptcy court to stay a judgment pending appeal upon the four traditional stay factors: (1) likelihood of success on the merits; (2) irreparable harm absent a stay; (3) no substantial harm to the opposing party; and (4) consistency with the public interest. In re Revel AC, Inc., 802 F.3d 558, 568 (3d Cir. 2015). The waiver of the Rule 4001(a)(3) fourteen-day stay in the Stay Relief Order makes this Motion essential — without it, Wells Fargo may proceed to the June 2 sheriff's sale before this Court has an opportunity to consider the evidence and arguments presented herein.

### II. APPLICATION OF THE FOUR-FACTOR STAY STANDARD

#### Factor 1: Likelihood of Success on the Merits

24. As set forth in Motion I, Debtor presents independent grounds for reconsideration grounded in: (1) an IRS-confirmed transcript showing total Federal Withholdings of $1,340,000 from three employers, total K-1 trust income of $1,580,802 from two trusts, and total 1099-R gross distributions of $4,391,559 — all for tax year 2024 — evidence that was expressly unavailable at the hearing because the 4506-T had not yet been returned; (2) newly available comparable-sale evidence establishing equity of $280,000 to $330,000 in the subject property; and (3) manifest legal error in lifting the stay while the Claim Objection and Lien Satisfaction Motion remain under advisement. Any one of these grounds independently supports reconsideration. Together they present a compelling case. Likelihood of success is established.

#### Factor 2: Irreparable Harm Absent a Stay

25. The irreparable harm is absolute. A sheriff's sale of Debtor's primary residence is scheduled for June 2, 2026. Once conducted, that sale cannot be undone. Debtor and her family will permanently lose their home. The pending Claim Objection [Dkt. No. 72], Motion Determining Satisfaction of Lien [Dkt. No. 90], and adversary proceeding will all be rendered effectively moot. No monetary remedy can restore a family to their home or resurrect the bankruptcy court's ability to grant complete relief on the pending matters. Irreparable harm is established per se.

#### Factor 3: No Substantial Harm to Wells Fargo

26. A brief stay pending reconsideration causes Wells Fargo no irreversible harm. Its security interest in the property is fully preserved during any stay period. Interest continues to accrue at $80.25 per

diem. The April 2026 comparable-sale evidence confirms that the property's market value of approximately $955,000 to $1,000,000 substantially exceeds the judgment balance of $672,152.75, providing Wells Fargo with an equity cushion of $280,000 to $330,000. Wells Fargo's collateral position is not at risk during any brief delay.

### Factor 4: Public Interest

27. The public interest strongly favors a brief stay. There is a well-established public interest in the orderly and complete administration of bankruptcy proceedings, including the resolution of pending claim objections before enforcement of the challenged obligation proceeds. See Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995). There is equally a strong public interest in ensuring that a debtor is not stripped of her home on the basis of an evidentiary record that the Court now has reason to believe was materially incomplete through no fault of the Debtor, where the missing evidence was literally in transit from the IRS on the day of the hearing.

## CONSOLIDATED PRAYER FOR RELIEF

**WHEREFORE, Debtor Tarani A. Johnson respectfully requests that this Court:**

A. IMMEDIATELY stay enforcement of the Order Granting (In Part) Wells Fargo Bank, N.A. Relief from Automatic Stay [Dkt. No. 119], including enjoining the June 2, 2026 sheriff's sale of the property at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania 19131, pending disposition of this Omnibus Motion;

B. Reopen the evidentiary record in the Stay Relief proceedings to permit Debtor to submit the newly available IRS transcript and comparable-sale evidence identified herein;

C. Reconsider and vacate or modify the Stay Relief Order [Dkt. No. 119] upon review of the reopened record;

D. Reinstate the automatic stay with respect to the subject property pending resolution of the Claim Objection [Dkt. No. 72] and Motion Determining Satisfaction of Lien [Dkt. No. 90];

E. Schedule an emergency hearing on this Omnibus Motion on the earliest available date prior to June 2, 2026;

F. Permit Debtor to present the newly available evidence by affidavit or proffer at the emergency hearing, with the IRS transcript submitted under seal; and

G. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this May 29, 2026,

By: /s/ s : johnson, tarani - al. ke, sui juris.

**Tarani-Alike Johnson, sui juris**

## <u>Certification Regarding Consultation with Opposing Counsel</u>

Pursuant to Local Rule 5070-1(g)(1) and Judge Baker's Judicial Practices and Procedures, Debtor hereby certifies as follows:

On May 29, 2026, prior to filing this Motion, Debtor attempted to consult with counsel for Wells Fargo Bank, N.A. — Aaron M. Bender, Esq. of Reed Smith LLP — regarding the relief requested herein and Respondent's availability for an expedited hearing. Debtor placed a telephone call to Reed Smith LLP and transmitted written notice by electronic mail to counsel of record regarding the nature of the emergency and the relief to be sought. As of the time of filing, Debtor has not received a response confirming consent or availability. Debtor has also notified Judge Baker's Courtroom Deputy, John Barbetta, by telephone at (215) 408-2839 of the intention to file this Emergency Motion and the June 2, 2026 sheriff's sale deadline.

*Debtor respectfully submits that the urgency of the circumstances — an irrevocable sheriff's sale of Debtor's primary residence scheduled for June 2, 2026 — justifies proceeding with this filing notwithstanding the absence of confirmed consent from Respondent's counsel.*

Respectfully submitted this May 29, 2026,

By

**Tarani-Alike Johnson, sui juris**

# **Certificate of Service**

I, Tarani Alike Johnson, hereby certify that on May 29, 2026, I served a true and correct copy of the foregoing upon all parties of record via the Court's CM/ECF system, which provides electronic notice to: Michael Troy Freedman, Esq. and/or Aaron M. Bender, Esq., Reed Smith LLP (counsel for Wells Fargo Bank, N.A.); Jordan Katz, Esq., Robertson, Anschutz, Schneid, Crane & Partners, PLLC; Kenneth E. West, Chapter 13 Trustee; and the Office of the United States Trustee. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Respectfully submitted this May 29, 2026,

By: /cs/ s. johnson, tarani-alike, sui juris

**Tarani-Alike Johnson, sui juris**

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*In re:*

### TARANI A. JOHNSON,

*Debtor.*

Chapter 13 | Bky. No. 26-10372 (DJB)

---

## EXHIBIT A — PROPOSED ORDER SCHEDULING EXPEDITED HEARING

AND NOW, upon consideration of Debtor's Omnibus Emergency Motion [Dkt. No. ___], and good cause having been shown:

IT IS HEREBY ORDERED that:

1. An expedited hearing on Debtor's Omnibus Emergency Motion shall be held on _____, 2026, at _____ ☐ a.m. / ☐ p.m., before the Honorable Derek J. Baker, United States Bankruptcy Judge (in person or by Zoom Video Conference consistent with the Court's procedures).

2. The sheriff's sale of the property located at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania 19131, presently scheduled for June 2, 2026, is hereby STAYED pending disposition of Debtor's Omnibus Emergency Motion.

3. Debtor shall serve a copy of this Order and the Omnibus Emergency Motion upon Wells Fargo Bank, N.A. and its counsel of record by electronic mail and CM/ECF no later than _____ hours after entry of this Order.

4. Wells Fargo Bank, N.A. may file a written response to the Omnibus Emergency Motion no later than _____ on _____, 2026.

BY THE COURT:

---

DEREK J. BAKER

United States Bankruptcy Judge


Date: _____

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*In re:*

### TARANI A. JOHNSON,

*Debtor.*

Chapter 13 | Bky. No. 26-10372 (DJB)

---

## PROPOSED ORDER GRANTING OMNIBUS EMERGENCY MOTION

AND NOW, upon consideration of Debtor's Omnibus Emergency Motion, any responses thereto, and the record as a whole:

IT IS HEREBY ORDERED that:

1. Debtor's Motion to Stay Enforcement is GRANTED. Enforcement of the Order Granting (In Part) Wells Fargo Bank, N.A. Relief from Automatic Stay [Dkt. No. 119], including the June 2, 2026 sheriff's sale of 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania 19131, is hereby STAYED pending final disposition of this Omnibus Motion.

2. Debtor's Motion to Reopen Evidentiary Record is GRANTED. The evidentiary record in connection with the Stay Relief proceedings is hereby reopened to permit Debtor to submit, by affidavit or proffer, the newly available IRS Wage and Income Transcript (to be filed under seal) and comparable-sale evidence identified in the Omnibus Motion.

3. Debtor's Motion for Reconsideration is GRANTED. The Order Granting (In Part) Wells Fargo Bank, N.A. Relief from Automatic Stay [Dkt. No. 119] is hereby VACATED pending further proceedings consistent with this Order.

4. The automatic stay pursuant to 11 U.S.C. § 362(a) is hereby REINSTATED with respect to the property located at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania 19131, pending resolution of the Debtor's

Amended Objection to Claim No. 6 [Dkt. No. 72] and Motion for Entry of Order Determining Satisfaction of Lien [Dkt. No. 90].

5.   The IRS Wage and Income Transcript submitted by Debtor shall be filed under seal pursuant to 11 U.S.C. § 107 given its sensitive taxpayer data designation.

BY THE COURT:

_____

DEREK J. BAKER

United States Bankruptcy Judge

Date: _____