# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*In re:*

### TARANI A. JOHNSON,

*Debtor.*

Chapter 13 | Bky. No. 26-10372 (DJB)

---

# DEBTOR'S MOTION FOR EXPEDITED HEARING ON
# OMNIBUS EMERGENCY MOTION:
## (I) MOTION FOR RECONSIDERATION [DKT. NO. 119];
## (II) MOTION TO REOPEN EVIDENTIARY RECORD; AND
## (III) MOTION TO STAY ENFORCEMENT PENDING RECONSIDERATION

*Pursuant to Local Rule 9014-2(a)(12) and 5070-1(g)*

**SHERIFF'S SALE SCHEDULED JUNE 2, 2026 — FOUR DAYS FROM DATE OF FILING**

## I. INTRODUCTION

1. Debtor Tarani A. Johnson respectfully moves this Court pursuant to Local Rule 9014-2(a)(12) and Local Rule 5070-1(g), and consistent with Judge Baker's Judicial Practices and Procedures, for an expedited hearing on her Omnibus Emergency Motion (the "Omnibus Motion"), filed simultaneously herewith. The Omnibus Motion seeks: (I) Reconsideration of the Order Granting (In Part) Wells Fargo Bank, N.A. Relief from Automatic Stay [Dkt. No. 119] pursuant to Fed. R. Civ. P. 59(e) and 60(b)(2); (II) Reopening of the Evidentiary Record; and (III) a Stay of Enforcement of the Stay Relief Order pending reconsideration pursuant to Fed. R. Civ. P. 62(b) and Fed. R. Bankr. P. 8007(a).

2. Expedited consideration is not merely warranted — it is essential. The Stay Relief Order was entered on May 29, 2026 with the 14-day stay of Fed. R. Bankr. P. 4001(a)(3) expressly waived. A sheriff's sale of Debtor's primary residence at 2285 Bryn Mawr Avenue, Philadelphia, Pennsylvania 19131 is scheduled for June 2, 2026. There are four days remaining. Without an expedited hearing and an immediate stay of enforcement, the Omnibus Motion will be rendered moot before it can be heard, Debtor's home will be irreversibly lost, and the Court's own pending adjudications — including the Claim Objection [Dkt. No. 72] and Motion Determining Satisfaction of Lien [Dkt. No. 90] — will be mooted.

## II. BASIS FOR EXPEDITED RELIEF

3. The extraordinary urgency of this matter arises from three converging circumstances that together constitute the precise situation for which expedited hearing procedures exist.

4. First, the Stay Relief Order was entered on May 29, 2026 with the 4001(a)(3) 14-day stay waived, meaning Wells Fargo may proceed immediately to the June 2 sheriff's sale without any further notice or delay. There is no procedural buffer remaining.

5. Second, the Omnibus Motion presents newly discovered evidence that was literally unavailable at the May 20, 2026 hearing: the IRS Wage and Income Transcript for tax year 2024 (Tracking No. 110489487950), issued May 22, 2026 — two days after the hearing closed — reflecting total W-2 wages of $1,340,000 from three employers, Schedule K-1 trust income of $1,580,802, and total 1099-R gross distributions of $4,391,559. Debtor expressly advised the Court at the May 20 hearing that her 4506-T had not yet been returned. This evidence directly and materially bears on the feasibility and adequate-protection analysis underlying the Stay Relief Order.

6. Third, the Stay Relief Order lifted the stay before resolving the pending Claim Objection [Dkt. No. 72] and Motion Determining Satisfaction of Lien [Dkt. No. 90], both of which remain under advisement. Allowing the sheriff's sale to proceed before those matters are resolved will moot them entirely, depriving this Court's own pending adjudications of any practical effect.

## III. RELIEF REQUESTED

7. Debtor respectfully requests that this Court:

**A.** Schedule an expedited hearing on the Omnibus Emergency Motion on the earliest available date prior to June 2, 2026, and if possible on June 1, 2026;

**B.** Immediately stay enforcement of the Stay Relief Order [Dkt. No. 119], including the June 2, 2026 sheriff's sale, pending the expedited hearing;

**C.** Enter the Proposed Order attached hereto as Exhibit A, which is in the form prescribed by Judge Baker's Judicial Practices and Procedures; and

**D.** Grant such other and further relief as this Court deems just and proper.

## IV. PROPOSED SCHEDULE

8. Given the June 2, 2026 sale date, Debtor respectfully proposes the following emergency schedule:

- Expedited hearing: June 1, 2026, at the earliest available time on Judge Baker's calendar (or any time on May 30 or May 31, 2026 if the Court's calendar permits);
- Wells Fargo response: due by 9:00 a.m. on the day of the hearing, or any earlier deadline the Court may set;
- Debtor's evidentiary proffer (IRS transcript, comparable sale, rental marketing documentation): to be submitted by affidavit filed by 5:00 p.m. on May 30, 2026 or at the hearing, as the Court directs; and

- Immediate interim stay: in effect from entry of the scheduling order through disposition of the Omnibus Motion.

## Certification of Consultation Pursuant to Local Rule 5070-1(g)(1)

Pursuant to Local Rule 5070-1(g)(1) and Judge Baker's Judicial Practices and Procedures, Debtor-Plaintiff Tarani A. Johnson hereby certifies as follows:

9. On May 29, 2026, prior to filing the Omnibus Emergency Motion and this Motion for Expedited Hearing, Debtor-Plaintiff attempted to consult with counsel for Wells Fargo Bank, N.A. — Aaron M. Bender, Esq. of Reed Smith LLP — regarding the relief requested and Respondent's availability for an expedited hearing. Debtor-Plaintiff placed a telephone call to Reed Smith LLP and transmitted written notice by electronic mail to all counsel of record advising of the nature of the emergency and the relief to be sought.

10. Debtor-Plaintiff also notified Judge Baker's Courtroom Deputy, John Barbetta, at (215) 408-2839, by telephone on May 29, 2026 of the intention to file this Motion for Expedited Hearing and the June 2, 2026 sheriff's sale deadline, as strongly encouraged by Judge Baker's Judicial Practices and Procedures.

11. As of the time of filing, Debtor-Plaintiff has not received a response from Wells Fargo's counsel confirming consent or availability. The nature of the emergency — a non-negotiable sheriff's sale date of June 2, 2026, four days from the date of this filing — makes it impossible to await a full adversarial response before seeking expedited relief. Debtor-Plaintiff respectfully submits that the urgency of the circumstances justifies proceeding notwithstanding the absence of confirmed consent.

## Certificate of Service

I, Tarani Alike Johnson, hereby certify that on May 29, 2026, I served a true and correct copy of this Motion for Expedited Hearing and the attached Proposed Order upon all parties of record via the Court's CM/ECF system, which provides electronic notice to: Aaron M. Bender, Esq., Reed Smith LLP; Jordan Katz, Esq., Robertson, Anschutz, Schneid, Crane & Partners, PLLC; Kenneth E. West, Chapter 13 Trustee; and the Office of the United States Trustee. I additionally transmitted this Motion by electronic mail to all counsel of record. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Respectfully submitted this May 29, 2026,

By: /s/ s: johnson, tarani-al. R, sui juris

**Tarani-Alike Johnson, sui juris**

# EXHIBIT A

**FILED**

31 MAR 2026 03:52 pm

Civil Administration

J. BOYD

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WACHOVIA BANK, N.A., <br>    Plaintiff <br><br> v. <br><br> TARANI A. JOHNSON, <br>    Defendant | COURT OF COMMON PLEAS OF <br><br> PHILADELPHIA COUNTY <br><br> NO.: 100401188 |

## ORDER

AND NOW, this ___31st___ day of ___March___, 2026, upon consideration of Plaintiff's Motion for Postponement of Sheriff's sale, it is hereby:

**ORDERED** that the Sheriff's sale currently scheduled for April 07, 2026, is extended two months to the regularly scheduled Philadelphia County Sheriff Sale scheduled for June 02, 2026. No further advertising or additional notice to lienholders or the Defendant is required provided the postponement is announced at the Sheriff's Sale.

ORPSS-Wells Fargo Bank, N.A. Vs Johnson [MBM]

10040118800575

BY THE COURT

_Christopher R. Hall_

J.

25-293085 - JaM

Case ID: 100401188
Control No.: 26040071

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b) M. RUSSO 04/01/2026

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:    TARANI A. JOHNSON                :        **Chapter**  13
                                                                       :
                        **Debtor(s)**              :        **Bky. No.**  26-10372-djb

## O R D E R

AND NOW, upon consideration of_____

_____ ("the

Motion"), and the request for an expedited hearing thereon, and sufficient cause being shown, it
is hereby **ORDERED** that:

1.  The request for an expedited hearing is **GRANTED** as set forth herein.

2.  A hearing to consider the Motion shall be held on _____, 202_,
    at _____ _____.**m.** (the "Hearing"). The Hearing will be conducted in the
    following format:

☐ Video Conference using the following link. If no link is provided, the video conference link
will be included on the hearing calendar.
☐ In-Person at _____, **in the United States Bankruptcy Court, Robert N.C.**
**Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107 – Courtroom 2.**

The Hearing on this Motion will be an evidentiary hearing.

3.  Written objections or other responsive pleadings to the Motion (while not required) may be
    filed up to the time of the hearing and all objections will be considered at the hearing.

4.  The Movant(s) shall serve the Motion and this Order on the U.S. Trustee, the case Trustee (if
    any), the individual Respondent(s) (if any), all secured creditors and all parties otherwise
    requesting notice by overnight mail, facsimile transmission or e-mail transmission no later
    than 5:00 p.m. on _____.
    Service made to each party identified above through the court's CM/ECF system is effective.

5.  The Movant(s) shall serve this Order and a Notice of the Motion in conformity with Local
    Bankruptcy Form 9014-3 on all other parties in interest, including creditors, by regular mail
    no later than 5:00 p.m. on _____.

6.  The Movant shall file a Certification of Service as required by Local Rule 9014-4.


**Date:** _____                    _____
                                                    **DEREK J. BAKER**
                                                    **U.S. BANKRUPTCY JUDGE**