**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: Tarani A. Johnson, | : | Case No. 26-10372-DJB |
| | : | |
| Debtor. | : | Chapter 13 |

**ORDER DISMISSING CHAPTER 13 CASE AND ORDER TO SHOW CAUSE FOR IMPOSITION OF ADDITIONAL CONDITIONS**

**AND NOW,** upon consideration of the Debtor's Urgent Motion For Voluntary Dismissal Of Chapter 13 Case Pursuant To 11 U.S.C. §§1307(b) Without Prejudice [Dkt. No. 221] (the "Motion"), the response thereto [Dkt. No. 223], and the previously filed Chapter 13 Standing Trustee's Motion To Dismiss With Prejudice And For Imposition Of Extended Bar Order Pursuant To 11 U.S.C. §§ 105(a), 109(e), 349(a), and 1307(c) [Dkt. No. 217] (the "Trustee's Motion"), and the Court having considered the Motion and the record as a whole, pursuant to §§ 105(a) and 1307(b) of the Bankruptcy Code, it is hereby **ORDERED** that:

1. The Motion is **GRANTED.**[1]
2. The above-captioned chapter 13 case is **DISMISSED.**[2]

[1] During this case, Wells Fargo Bank, N.A. filed a motion seeking relief from the automatic stay under § 362(a) of the Bankruptcy Code. [See Dkt. No. 29]. In light of such filing and the Debtor's requested voluntary dismissal under § 1307(b) of the Bankruptcy Code, the Debtor is ineligible to be a debtor in connection with any bankruptcy case filed within 180 days of the entry of this order by operation of law. See 11 U.S.C. § 109(g)(2).

[2] Dismissal of the main case divests the Court of jurisdiction of any adversary proceedings filed in connection therewith. See In re Smith, 866 F.2d 576, 580 (3d Cir. 1989). Therefore, all adversary proceedings filed related to this case (i.e., 26-ap-133, 26-ap-169 and 26-ap-172) are

3. The Court retains jurisdiction to determine whether cause exists to attach conditions or impose a filing bar to this Order, and retains the hearing date of **August 17, 2026, at 10:00 a.m.** to take evidence and hear arguments on these issues. See 11 U.S.C. § 349(a).[3] The Hearing will be conducted in the following format:

   **In-Person ONLY** in the United States Bankruptcy Court, Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Philadelphia, PA 19107 – Courtroom 2.

4. All other pending hearings and contested matters are **VACATED AS MOOT**.

5. The chapter 13 trustee shall promptly account for and return undistributed plan funds to the Debtor, less authorized statutory fees.

**Date: July 28, 2026**

______________________________

**Derek J. Baker**
**United States Bankruptcy Judge**

---

dismissed for lack of jurisdiction. The Clerk shall docket this Order in each of the enumerated adversary proceedings and the Clerk is directed to close all said adversary proceedings.

[3] It is clear from the Trustee's Motion that the chapter 13 trustee seeks to attach conditions to a dismissal of this case. [See Dkt. No. 217]. Courts are required to, and often do, hold hearings to determine whether conditions or filing injunctions should accompany a § 1307(b) dismissal order when a party seeks such relief. See In re Ross, 858 F.3d 779, 785 (3d Cir. 2017); In re Marinari, 838 F. App'x 709, 710 (3d Cir. 2021); In re Sun, 673 B.R. 608, 624 (Bankr. D.N.J. 2025).