FILED
AUG 12 2026
CLERK OF COURT
BY ____ DEP CLERK

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>TARANI-ALIKE JOHNSON,<br><br>Debtor. | Chapter 13<br><br>Case No. 26-10372-djb<br><br>Judge Derek J. Baker |
| | Hearing: August 17, 2026 at 10:00 A.M.<br>Courtroom #2 |
| | |

FILED
AUG 12 2026
CLERK OF COURT
BY ____ DEP CLERK

## DEBTOR'S RESPONSE AND OBJECTION TO CHAPTER 13 STANDING TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE AND FOR IMPOSITION OF EXTENDED BAR ORDER

Debtor Tarani-Alike Johnson ("Debtor"), appearing pro se, submits this Response and Objection to the Chapter 13 Standing Trustee's Motion to Dismiss With Prejudice and for Imposition of Extended Bar Order (Dkt. No. 217) (the "Trustee's Motion"). Debtor does not oppose termination of this Chapter 13 case because Debtor has independently requested voluntary dismissal. Debtor does, however, object to dismissal with prejudice, to findings of bad faith or abuse not established by the present record, and to the requested injunction barring Debtor from filing any future bankruptcy petition in any jurisdiction without leave of this Court.

Because the hearing is imminent, Debtor files this response to ensure that her opposition to the requested prejudicial conditions is of record. Debtor respectfully reserves the right to supplement or amend this response, her exhibit list, and her evidentiary presentation before or at the hearing as permitted by the Court.

### I. PRELIMINARY STATEMENT

1. The Trustee's Motion combines two materially different questions: whether this Chapter 13 case should continue, and whether dismissal should carry extraordinary prospective consequences. Debtor has already elected to end the Chapter 13 case. The remaining controversy is whether the record establishes cause for dismissal with prejudice and an extended nationwide filing injunction.

2. The Trustee asks the Court to bar Debtor from filing a future bankruptcy case in any jurisdiction without further leave of this Court. The proposed order contains no definite termination date. Such relief is substantially broader than ordinary dismissal and requires a record-based, legitimate rationale tailored to the conduct actually proven. See In re Ross, 858 F.3d 779, 784-87 (3d Cir. 2017); In re Marinari, 838 F. App'x 709, 711-12 (3d Cir. 2021).

3. The Trustee's historical narrative also omits or minimizes material dispositions. Two prior Chapter 13 cases were converted to Chapter 7 and culminated in discharges. In the 2018 case, a prior Chapter 13 trustee expressly sought dismissal with prejudice, but after an evidentiary hearing Judge Magdeline D. Coleman dismissed the case without prejudice.

4. Most importantly, in this very case Judge Baker recently considered Wells Fargo's request for prospective relief under 11 U.S.C. § 362(d)(4), reviewed Debtor's multiple prior bankruptcy filings, and expressly held that multiple bankruptcy filings alone do not justify such relief. The Court further found that Wells Fargo failed to establish that this petition was part of a scheme to delay, hinder, or defraud creditors. Order dated May 29, 2026, Dkt. No. 119.

5. Debtor therefore respectfully requests that the Court grant or recognize Debtor's voluntary dismissal, but deny the Trustee's request to attach prejudice, a finding of bad faith, or an indefinite/extended nationwide filing injunction.

## II. MATERIAL FACTUAL CORRECTIONS AND RESPONSES

6. Debtor acknowledges that she has filed prior bankruptcy cases. Debtor denies, however, that the number of filings by itself establishes bad faith, lack of candor, or a scheme to abuse the bankruptcy system.

7. The Trustee's Motion itself acknowledges that two of Debtor's prior Chapter 13 cases were converted to Chapter 7 and discharged. Those cases should not be portrayed merely as Chapter 13 cases filed and abandoned. They proceeded under another chapter and culminated in bankruptcy discharges.

8. The Trustee's Motion also acknowledges that in Case No. 18-17342 the Chapter 13 trustee sought dismissal with prejudice under §§ 105, 349, and 1307, but after an evidentiary hearing Judge Coleman dismissed that case without prejudice on July 22, 2019. That prior adjudicative history is directly relevant to the Trustee's present effort to convert the same historical filings into grounds for extraordinary prospective punishment.

9. Debtor had no involvement in the bankruptcy case filed by her husband, Robert Laurie. Debtor did not file his petition, prepare or direct his filings, control the prosecution of his case, or act as a co-debtor. The Trustee expressly acknowledges that Debtor was not a co-debtor in that case. The conduct of a separate adult debtor should not be attributed to Debtor merely because of the marital relationship.

10. Debtor disputes the inference drawn from prior attorney withdrawals. The existence of attorney-client disagreements does not establish bankruptcy abuse. The Trustee's cited withdrawal materials do not, standing alone, establish that counsel withdrew because Debtor was acting in bad faith or abusing the bankruptcy process.

11. In the present case, Debtor appeared for the scheduled § 341 meetings and remained in telephone and email communication with the Trustee's staff concerning requested documents. Debtor supplied documents requested by the Trustee's office and communicated concerning remaining items, amendments to schedules, and correction of the Chapter 13 plan form. Debtor intends to rely upon the communications and supporting records identified in her Exhibit List.

12. Debtor has actively utilized the claims-objection process. Objections have been filed concerning claims asserted by Wells Fargo Bank, N.A., U.S. Bank Trust National Association, the Pennsylvania Department of Revenue, and the Internal Revenue Service. The Wells Fargo claim objection was heard and taken under advisement. Judge Baker's May 29, 2026 Order expressly recognizes that Debtor's Amended Objection to Wells Fargo Claim No. 6 and companion lien-satisfaction motion remained unresolved at that time.

13. Debtor does not contend that every disputed claim is automatically excluded from § 109(e). Debtor's position is narrower: eligibility is measured by the Debtor's noncontingent, liquidated debts as of the petition date, and the Court should not mechanically equate the later-filed claims-register totals with the qualifying debts of Debtor without examining the legal character, amount, classification, and ownership of the obligations included in that calculation.

14. With respect to 5200 West Montgomery Avenue, the Bankruptcy Court entered an order on January 11, 2023 predicated upon Debtor's testimony that she did not own that property. Debtor therefore disputes any attempt to attribute an obligation associated with that property to her individually for purposes of the present bad-faith or eligibility analysis without first addressing the legal basis for doing so.

## III. ARGUMENT

### A. Debtor's voluntary dismissal and the Trustee's request for prejudicial conditions are separate issues.

15. Section 1307(b) provides that, upon request of a debtor whose Chapter 13 case has not previously been converted, the court "shall dismiss" the case. The Third Circuit has recognized that even where a Chapter 13 debtor seeks voluntary dismissal, a bankruptcy court may consider whether lawful conditions should accompany dismissal. In re Ross, 858 F.3d at 784. The critical point here is that dismissal itself does not automatically establish cause for a filing injunction.

16. Section 349(a) supplies the default rule that dismissal does not prejudice a debtor with respect to filing a later petition unless the Court, for cause, orders otherwise. Thus, the Trustee bears the burden of establishing a sufficient factual basis for the extraordinary conditions requested.

17. Debtor does not ask the Court to preserve this Chapter 13 case over the Trustee's objection. Debtor asks the Court to distinguish between termination of the case and the much more serious request to adjudicate Debtor a bad-faith serial filer and restrict future access to bankruptcy relief.

**B. The requested filing injunction must be supported by a specific record and narrowly tailored.**

18. In Ross, the Third Circuit held that a bankruptcy court may possess authority to attach a filing injunction to a voluntary dismissal, but vacated an injunction that barred the debtor from filing bankruptcy at any time in the indefinite future because the breadth of the injunction lacked adequate reasoning and tailoring. 858 F.3d at 784-87.

19. Marinari likewise explains that dismissal conditions predicated upon alleged bad faith require a basis in the record and a legitimate rationale. 838 F. App'x at 711-12.

20. The Trustee's proposed order would bar Debtor from filing a future bankruptcy case in any jurisdiction, individually, jointly, or "as any other entity," without leave of this Court, and it states no fixed end date. The Court should decline to enter such an expansive injunction absent particularized findings demonstrating why that scope and duration are necessary.

21. The present record cuts against such a finding. On May 29, 2026, after multiple hearings and an evidentiary record, this Court denied Wells Fargo relief under § 362(d)(4). The Court specifically found that although Debtor had filed several bankruptcy cases, multiple filings alone did not justify prospective relief and Wells Fargo had not shown that this petition was part of a scheme to delay, hinder, or defraud creditors.

22. That ruling does not mechanically preclude the Trustee from raising distinct statutory grounds, but it is highly probative of whether the same filing history can now support the extraordinary conclusion that this petition was an abusive scheme warranting a sweeping filing injunction.

**C. The Trustee's reliance on sixteen years of filing history does not, without more, establish present bad faith.**

23. The Trustee repeatedly relies upon the number of prior cases and the fact that no Chapter 13 plan was completed. But the totality of the history includes two conversions to Chapter 7 and discharges, substantive litigation over creditor rights, and prior rulings favorable to Debtor on certain issues.

24. In Case No. 18-17342, the standing trustee sought dismissal with prejudice. After an evidentiary hearing, Judge Coleman dismissed without prejudice. That history materially undermines any suggestion that the existence of the older filings itself has already been adjudicated as conduct warranting a filing bar.

25. The Court should likewise give little or no weight to Robert Laurie's separate bankruptcy as evidence of Debtor's subjective intent absent competent evidence that Debtor directed, controlled, or participated in his filing. The Trustee acknowledges Debtor was not a co-debtor.

26. Prior counsel withdrawals likewise do not prove bad faith. A withdrawal order or statement that counsel and client had differences does not establish that the client's legal position was fraudulent, abusive, or advanced for an improper bankruptcy purpose.

**D. The current-case record reflects active participation and contested substantive issues, not abandonment of the bankruptcy process.**

27. Debtor appeared for the scheduled meetings of creditors and communicated with Trustee staff concerning requested documentation. Any dispute concerning whether particular documents were timely or complete should be evaluated on the actual communications and production history, not treated as equivalent to a failure to appear or an abandonment of the case.

28. Debtor also filed multiple claim objections. The Wells Fargo claim objection was litigated and taken under advisement. The existence of active objections does not automatically remove disputed claims from § 109(e), but it demonstrates that substantial issues concerning the nature and amount of asserted liabilities were being litigated through procedures expressly provided by the Bankruptcy Code.

29. Judge Baker's May 29, 2026 order recognized both the Wells Fargo claim objection and the companion motion concerning satisfaction of lien. The Court granted Wells Fargo stay relief under § 362(d)(1), but expressly declined the prospective § 362(d)(4) relief requested. The record therefore does not support collapsing every contested filing or objection into evidence of bad faith.

**E. The Trustee's § 109(e) calculation may support an eligibility dispute, but it does not by itself establish bad faith or justify a filing bar.**

30. The Trustee states that the claims register reflects $2,071,800.02 in secured claims and $814,731.48 in unsecured claims and compares those figures with the January 30, 2026 Chapter 13 limits of $1,580,125 secured and $526,700 unsecured. Debtor recognizes that disputed debts may count under § 109(e) when they are nevertheless noncontingent and liquidated.

31. But § 109(e) measures qualifying debt "on the date of the filing of the petition." A later claims-register total is evidence, not a substitute for determining which obligations were actually Debtor's noncontingent, liquidated secured and unsecured debts on January 30, 2026.

32. Several claims contributing to the Trustee's calculation were the subject of objections. The IRS proof of claim itself includes estimated amounts for 2024 and 2025, according to the Trustee's Motion. The Pennsylvania Department of Revenue claim was objected to. Wells Fargo's claim was litigated and remained under advisement. Obligations associated with 5200 West Montgomery Avenue also implicate a prior bankruptcy order predicated on Debtor's nonownership of that property.

33. Accordingly, even if the Court ultimately concludes that Debtor exceeded § 109(e)'s debt limits, that conclusion would establish Chapter 13 ineligibility; it would not, without additional evidence, establish that Debtor filed the petition in bad faith or justify an indefinite nationwide filing injunction.

**F. Plan feasibility and payment disputes are unnecessary grounds for punitive relief after Debtor elected dismissal.**

34. The Trustee alleges that the amended plan required $1,500 monthly payments while the Trustee received $195 and that the plan was infeasible. Those allegations may bear on whether a Chapter 13 plan could have been confirmed or whether cause existed to dismiss under § 1307(c).

35. Debtor has already requested dismissal. Therefore, the Court need not transform disputes over feasibility, amendments, documentation, or plan-payment arrears into findings of intentional abuse unless the Trustee proves the heightened factual basis necessary for prejudicial prospective relief.

36. Debtor's decision to terminate a Chapter 13 case that she no longer seeks to prosecute is consistent with ending, rather than prolonging, the use of bankruptcy protection. The appropriate disposition is dismissal without the extraordinary conditions requested.

**G. The Court should reject any finding that the present petition was part of a scheme to delay, hinder, or defraud creditors.**

37. The Court has already addressed this precise type of prospective-relief allegation in its May 29, 2026 order. After considering the record developed on Wells Fargo's motion, the Court found that Wells Fargo had not carried its burden to show that this petition was part of a scheme to delay, hinder, or defraud creditors.

38. The Trustee may rely upon additional matters, but the Trustee's principal historical evidence substantially overlaps the serial-filing narrative already considered. The Trustee should be required to identify what materially different evidence now warrants a contrary and substantially broader prospective sanction.

39. Absent such evidence, dismissal without prejudice preserves the ordinary operation of § 349(a), while any future bankruptcy filing remains subject to all statutory eligibility provisions, automatic-stay limitations, good-faith requirements, creditor remedies, and the Court's authority to address misconduct if it actually occurs.

## IV. REQUEST FOR RELIEF

WHEREFORE, Debtor respectfully requests that this Court:

A. GRANT or otherwise recognize Debtor's request for voluntary dismissal of this Chapter 13 case;

B. DENY the Trustee's request that dismissal be entered with prejudice;

C. DENY the Trustee's request for an extended, nationwide, or indefinite filing injunction requiring leave of this Court before any future bankruptcy filing;

D. DECLINE to enter findings that Debtor filed this petition in bad faith, engaged in a scheme to delay, hinder, or defraud creditors, or systematically abused the bankruptcy process where such findings are not established by the evidentiary record;

E. To the extent the Court finds Chapter 13 ineligibility under § 109(e), limit the consequence to the disposition authorized by law and decline to treat ineligibility, standing alone, as proof of bad faith or cause for a prospective filing bar; and

F. Grant such other and further relief as the Court deems just and proper.

## V. RESERVATION TO SUPPLEMENT

40. Debtor respectfully reserves the right to supplement this response and the accompanying exhibit list with the specific Trustee communications, § 341 attendance records, claim-objection hearing records, prior discharge orders, transcripts, and other documents identified in Debtor's Exhibit List, to the extent permitted by the Court and necessary to respond to matters raised at hearing.

## VERIFICATION

I, Tarani-Alike Johnson, verify that the factual statements made in the foregoing Response concerning my own conduct, participation, communications, attendance, and lack of involvement in Robert Laurie's bankruptcy are true and correct to the best of my knowledge, information, and belief. I understand that false statements made herein are subject to applicable penalties of law.

Date: 8/12/26

By: johnson, tarani-alike, sui juris

Tarani-Alike Johnson, Sui Juris
45 East City Avenue, Suite 503
Bala Cynwyd, PA 19004

## CERTIFICATE OF SERVICE

I certify that on August 12, 2026 , 2026, I served a true and correct copy of the foregoing Debtor's Response and Objection to Chapter 13 Standing Trustee's Motion to Dismiss With Prejudice and for Imposition of Extended Bar Order, together with any filed exhibit list, upon the Chapter 13 Standing Trustee, counsel for the Trustee, the Office of the United States Trustee, and all parties entitled to notice through the Court's
CM/ECF system and/or by first-class United States mail, as applicable.

Date: 8/12/26

By: johnson, tarani-alike, sui juris

Tarani-Alike Johnson, sui juris