FILED 2026 AUG 17 A 9: 32 U.S. BANKRUPTCY COURT

# ESTATE MEETING MINUTES SUMMARY

## TARANI ALIKE JOHNSON ESTATE, a Living Trust

**Held August 14, 2026 at approximately 10:25 am**
**Philadelphia, Pennsylvania**
**In the Matter before the US Bankruptcy Court**
**Eastern District PA**
**Re: Tarani A. Johnson**
**No. 26-10372-djb, and all associated and related matters**
**(ESTATE REGISTERED CLAIM Nos RE327506156US-0.0017 thru RE327506156US-0.0120)**

# APPOINTMENT OF TRUSTEES – BOARD OF TRUSTESS, DIRECTION, AND ESTATE-WIDE ACCOUNTING AND SETTLEMENT

## FOR THE WINDING UP AND FINAL SETTLEMENT OF THE AFFAIRS OF TARANI ALIKE JOHNSON ESTATE

## also known as TARANI A. JOHNSON and TARANI-ALIKE JOHNSON TARANI ALIKE JOHNSON ESTATE LIVING TRUST

### NOTICE OF CONSTRUCTION

This instrument records the Settlor/Trust's designation, directions, requests for the complete closing and sealing of the above stated matter, to produce the accounting, and proposed winding-up protocol.

### ARTICLE I - NATURE, PURPOSE, CAPACITY, AND SCOPE

1.1 Purpose. Thisinstrument is made for the orderly winding up, reconciliation, documentation, and final settlement of the affairs, accounts, claims, property interests, records, and obligations associated with TARANI ALIKE JOHNSON, TARANI A. JOHNSON, TARANI-ALIKE JOHNSON, and the Tarani Alike Johnson Estate Living Trust (collectively, the "Estate/Trust").
1.2 Equitable Accounting. The Estate/Trust calls for a complete documentary accounting of all ascertainable assets, liabilities, credits, debits, distributions, claims, liens, judgments, mortgages, tax accounts, securities, bonds, escrow accounts, suspense accounts, unapplied funds, and other property or obligations maintained in, derived from, associated with, or reasonably traceable to the foregoing names.
1.3 No Presumption of Liability or Satisfaction. Inclusion of an item in this instrument is not an admission that the item is valid, enforceable, unpaid, satisfied, void, or owned by any particular person. Each item is to be reconciled against competent records and the basis asserted for its treatment.
1.4 Prior Proceedings. The Estate/Trust states that the Chapter 13 case previously pending as Case No. 26-10372-DJB is no longer being used as the vehicle for this winding-up instrument. References to records from that proceeding are for identification, accounting, and documentary reconciliation.
1.5 Construction. This instrument shall be read as broadly as possible to request disclosure, accounting, reconciliation, correction, release, satisfaction, termination, or other appropriate closing documentation.

### ARTICLE II - DESIGNATION AND APPOINTMENT OF TRUSTEES, AS BOARD OF TRUSTEESS FOR ACCOUNTING AND WINDING-UP FUNCTIONS

2.1 Designated Persons and Offices. For purposes of receiving this instrument, conducting or facilitating the requested accounting within their authority, identifying records under their custody or control, and issuing or facilitating authorized closing documentation, the Estate/Trust designates and appoints the following persons **AS TRUSTEES – BOARD OF TRUSTEES, together with ALL their respective predecessors, successors, and assigns.** For the record and on the record. Tarani-Alike Johnson, Robert Kenji-Laurie, minor child Laurie (daughter), and minor child Laurie (son), collectively, and separately are the favored beneficiaries. The estate has NOT been abandoned. Securities from the above

stated matter, attached or affiliated matters have NOT been abandoned. The following constitute the appointment of the following Trustees; the Board of Trustees.
You are our Trustees. You are our Trustees. You are our Trustees, and are hereby joined as the Board of Trustees:

- Honorable Derek J. Baker, (PAEB), **ALL predecessors, successors, and assigns.**
- Honorable Ashley M. Chan, (PAEB), **ALL predecessors, successors, and assigns.**
- Honorable Patricia M. Mayer, (PAEB), **ALL predecessors, successors, and assigns.**
- Mohung Wong, (PAEB), **ALL predecessors, successors, and assigns.**
- Wendy Beetlestone, (EDPA) **ALL predecessors, successors, and assigns.**
- George V. Wylesol, (EDPA), **ALL predecessors, successors, and assigns.**
- Honorable Laura Taylor Swain (SDNY), **ALL predecessors, successors, and assigns.**
- Honorable Judith C. McCarthy (SDNY), **ALL predecessors, successors, and assigns.**
- Tammi M. Hellwig (SDNY), **ALL predecessors, successors, and assigns.**
- Honorable Margo K. Brodie, (EDNY), **ALL predecessors, successors, and assigns.**
- Honorable Vera m. Scanlon, (EDNY), **ALL predecessors, successors, and assigns.**
- Brenna B. Mahoney, (EDNY), **ALL predecessors, successors, and assigns.**
- Honorable Yvonne Gonzalez Rogers, (NDCA), **ALL predecessors, successors, and assigns.**
- Honorable Nathaneael Cousins, (NDCA), **ALL predecessors, successors, and assigns.**
- Mark B. Busby, (NDCA), **ALL predecessors, successors, and assigns.**
- Honorable Debra Todd (PA Supreme Court), **ALL predecessors, successors, and assigns.**
- Irene M. Bizzoso (PA Supreme Court), **ALL predecessors, successors, and assigns.**
- Honorable Nina N. Wright Padilla, (CCP Philadelphia County), **ALL predecessors, successors, and assigns.**
- Honorable Sheila Woods-Skipper, (CCP Philadelphia County), **ALL predecessors, successors, and assigns.**
- John P. Sabatina, (CCP Philadelphia County), **ALL predecessors, successors, and assigns.**
- Honorable Daniel J. Anders, (CCP Philadelphia County), **ALL predecessors, successors, and assigns.**
- Honorable Joshua H. Roberts, (CCP Philadelphia County), **ALL predecessors, successors, and assigns.**
- Honorable Damaris L. Garcia, (CCP Philadelphia County), **ALL predecessors, successors, and assigns.**
- Honorable Christopher Hall, (CCP Philadelphia County), **ALL predecessors, successors, and assigns.**
- Honorable Kia Ghee, (CCP Philadelphia County), **ALL predecessors, successors, and assigns.**
- Eric Feder; (First Judicial District of Pennsylvania) **ALL predecessors, successors, and assigns.**
- Honorable T. Francis Shields, (Philadelphia Municipal Court) **ALL predecessors, successors, and assigns.**
- Honorable Sherrie Cohen, (Philadelphia Municipal Court) **ALL predecessors, successors, and assigns.**
- Honorable George Twardy, (Philadelphia Municipal Court) **ALL predecessors, successors, and assigns.**
- Hon. Marguerite A. Grays (Supreme Court for Queens County), **ALL predecessors, successors, and assigns.**
- Honorable Kevin J. Kerrigan, (Supreme Court for Queens County), **ALL predecessors, successors, and assigns.**
- Audrey I. Pheffer, (Supreme Court for Queens County), **ALL predecessors, successors, and assigns.**
- Tamara Kersh, (Supreme Court for Queens County), **ALL predecessors, successors, and assigns.**

2.2 Nature of Designation. The Estate/Trust intends this Article as a formal designation and direction concerning the requested winding-up functions.
2.3 Record Custodians. A person or office that lacks authority to determine the merits of an account is requested to identify the proper custodian, claimant, lienholder, agency, officer, or other person having such authority and to preserve and transmit the relevant documentary record as permitted by law.

## ARTICLE III - ESTATE-WIDE ACCOUNTING AND SETTLEMENT SCHEDULE

3.1 Required Inventory. The accounting shall identify, by account number, docket number, instrument number, property address, tax period, claimant, custodian, or other unique identifier, every reasonably ascertainable item in the following categories:

- Mortgages, deeds of trust, promissory notes, installment obligations, and purported secured obligations.

- Recorded and unrecorded liens, including tax liens, judgment liens, municipal liens, statutory liens, and consensual liens.
- Judgments, purported judgments, verdicts, praecipes, writs, executions, and associated court-accounting records.
- Federal, state, and local tax accounts, assessments, penalties, interest, credits, refunds, overpayments, and liens.
- Proofs of claim, amended claims, withdrawals of claims, objections, claim-transfer records, and supporting account histories.
- Foreclosure, sheriff-sale, execution, levy, distribution, deposit, and title-transfer records.
- Trust distributions, Schedules K-1, associated tax reporting, withholding records, distribution ledgers, and underlying trust accountings.
- Forms 1099 and associated information returns, credits, payments, cancellation records, and account adjustments.
- Payments, offsets, setoffs, credits, distributions, abatements, write-offs, adjustments, and unapplied funds.
- UCC financing statements, amendments, terminations, security agreements, collateral records, and asserted security interests.
- Servicing, custodial, escrow, suspense, reserve, collection, and loss-mitigation accounts.
- Court registry, clerk, sheriff, prothonotary/Office of Judicial Records, governmental, or administrative accounts.
- Bonds, surety bonds, appeal bonds, supersedeas bonds, indemnity bonds, official bonds, bearer bonds or bearer instruments, bond proceeds, bond-related accounts, and other bond instruments actually identifiable from records as associated with a relevant account, transaction, proceeding, or obligation.
- Securities, investment accounts, certificates, notes, instruments, or other financial assets actually identified through the accounting.
- Insurance proceeds, claims, recoveries, reserves, and disbursements connected with Estate/Trust property or obligations.
- Property-tax accounts, assessments, fines, violations, municipal balances, and related enforcement records.
- Attorney fees, court costs, collection expenses, servicing charges, advances, corporate advances, and other fees added to any account.
- Assignments, endorsements, transfers, allonges, substitutions, servicing transfers, claimed successor interests, and chains of title or ownership.
- Any remaining ascertainable asset, liability, credit, debit, claim, account, instrument, property interest, or obligation requiring reconciliation for final winding up.

## ARTICLE IV - ACCOUNTING OF BONDS, BEARER INSTRUMENTS, AND RELATED ACCOUNTS

4.1 Bond Accounting. For each account or proceeding bearing or associated with the names TARANI ALIKE JOHNSON, TARANI A. JOHNSON, or TARANI-ALIKE JOHNSON, the accounting is requested to identify any bond, bearer bond, bearer instrument, surety undertaking, appeal or supersedeas bond, indemnity instrument, official bond, security, certificate, or related account that the custodian's records establish actually exists.

4.2 Required Data. For each identified instrument, the accounting should state: issuer; obligor; obligee; beneficiary; trustee or custodian; CUSIP or other identifier if applicable; face amount; issue date; maturity date; current status; collateral; proceeds; payments; credits; transfers; redemptions; cancellations; and the account or proceeding to which the instrument relates.

4.3 No Assumed Instrument. The request for this accounting does not presume that a bond or bearer instrument exists merely because an account, court case, mortgage, tax obligation, or other record exists.

## ARTICLE V - RECONCILIATION OF K-1, TAX, AND DISTRIBUTION RECORDS

5.1 K-1 Records. All Schedule K-1 distributions and related trust accountings presented by the Estate/Trust shall be included in the reconciliation. The accounting shall identify the distributing trust, recipient/payee, tax year, amount, date made available or distributed, associated account or obligation claimed by the Estate/Trust to be affected, and the documentary evidence supporting each asserted accounting consequence.

5.2 Asserted Effect. The Estate/Trust asserts that certain K-1 distributions and related records previously presented in proceedings involving TARANI A. JOHNSON have consequences for the associated obligations. This instrument requests that the actual legal and accounting effect be documented against the relevant account records. This clause does not independently adjudicate that effect.

5.3 Other Tax Records. Forms 1099, withholding records, transcripts, credits, refunds, amended returns, cancellation-of-debt records, and other tax-accounting evidence shall be cross-referenced to the corresponding obligation or account.

## ARTICLE VI - REQUIRED FINAL CLASSIFICATION OF EACH ACCOUNT

6.1 Closing Classification. Each account or item should, after reconciliation, be placed in one of the following classifications, with the documentary basis stated:

**FINAL ACCOUNTING - ZERO BALANCE / SATISFIED**
**VOID AB INITIO - NO VALID ENFORCEABLE OBLIGATION**
**UNRESOLVED - DOCUMENTARY ACCOUNTING REQUIRED**
**DISPUTED - IDENTIFY LEGAL AND ACCOUNTING BASIS FOR CONTINUED CLAIM**

6.2 Zero-Balance Classification. The designation "FINAL ACCOUNTING - ZERO BALANCE / SATISFIED" shall be used only where the competent records and applicable legal basis establish that no enforceable balance remains.

6.3 Void Classification. The designation "VOID AB INITIO - NO VALID ENFORCEABLE OBLIGATION" shall be used only where an authorized adjudication, applicable law, or other legally sufficient basis establishes that the asserted obligation was void from inception.

6.4 Disputed Items. A claimant maintaining a balance is requested to identify the principal, interest, fees, credits, payments, chain of ownership, perfection or lien basis, and other records necessary to explain the continuing amount claimed.

## ARTICLE VII - SATISFACTIONS, RELEASES, CORRECTIONS, AND RECORDABLE EVIDENCE

7.1 Documentary Closing. No account shall be considered fully administered for purposes of this instrument merely because an internal accounting entry has been made. Where an obligation, lien, judgment, mortgage, claim, encumbrance, levy, security interest, or other asserted interest appears in a public record, the final accounting shall identify the documentary instrument legally appropriate to evidence its satisfaction, release, termination, correction, withdrawal, discharge, or other final disposition.

7.2 Requested Closing Instruments. The Estate/Trust requests execution, issuance, filing, or recording of the appropriate Satisfaction of Mortgage, Release of Mortgage, Release of Lien, Satisfaction of Judgment, termination statement, withdrawal or satisfaction of claim, corrected account statement, zero-balance statement, amended governmental account, corrected tax/accounting record, release of levy, sheriff-record correction, or other closing instrument.

7.3 Public Repositories. The final schedule shall identify the appropriate Recorder of Deeds, Office of Judicial Records, clerk's office, sheriff's office, federal or state court docket, taxing authority, UCC filing office, or other repository in which a legally effective closing instrument should be filed or recorded.

## ARTICLE VIII - CLAIMS AGAINST THE ESTATE/TRUST

8.1 Comprehensive Reconciliation. Any person or entity asserting a claim against the Estate/Trust or against TARANI ALIKE JOHNSON, TARANI A. JOHNSON, or TARANI-ALIKE JOHNSON is requested to submit or identify the complete documentary basis for the claim so it can be reconciled in the final accounting by the appointed trustees and fiduciaries.
8.2 Zeroing Balances. The Estate/Trust's objective is final settlement and for a zero balance. This instrument itself does not cause an otherwise valid third-party claim to become zero, satisfied, discharged, released, or void.
8.3 Past, Present, and Future Entries. The accounting shall encompass historical and current entries and any later entry that properly relates to a pre-existing Estate/Trust transaction or obligation, while distinguishing such entries from liabilities arising independently after the winding-up date.

## ARTICLE IX - AGENCY, DELEGATION, AND POWERS OF ATTORNEY

9.1 Revocation Within Estate/Trust Authority. To the fullest extent revocable by the Estate/Trust or by a principal acting through this instrument, any prior agency, delegation, power of attorney, servicing authority, custodial authority, or representative authority derived from the Estate/Trust and inconsistent with this winding-up direction is revoked and terminated.

## ARTICLE X - FINAL ESTATE-WIDE SETTLEMENT REPORT

10.1 Final Report. Upon completion of the requested reconciliation, a final Estate-Wide Accounting and Settlement Schedule should identify each item, claimant/custodian, account or docket number, opening balance, credits and adjustments, final balance, classification under Article VI, accounting basis, required closing instrument, responsible issuer, and filing/recording destination.
10.2 Supporting Evidence. The final report should attach or identify the records relied upon, including satisfactions, releases, orders, statements, tax records, K-1 records, lien records, UCC records, bond records, and other documentary evidence.
10.3 Preservation. Records material to unresolved or disputed items should be preserved until the matter is concluded.

## ARTICLE XI - RESERVATION OF RIGHTS AND SEVERABILITY

11.1 Reservation. Nothing in this instrument waives any lawful right, claim, defense, objection, setoff, recoupment, accounting demand, title claim, or request for correction held by the Estate/Trust.
11.2 Severability. If any provision is determined to exceed the authority of a recipient or otherwise be unenforceable, the remaining provisions shall continue as a request and direction to the fullest extent permitted by law.
11.3 No False Certification. No recipient is requested or directed to sign, file, record, or certify any statement that the recipient does not have a good-faith factual and basis to make.

## ARTICLE XII - EXECUTION

Executed as a private winding-up and accounting instrument on the 14th day of August, 2026.

It is so Ordered, It is so Ordered, It is so Ordered. Meeting is adjourned.

By: //s/ johnson, tarani-alike, TTEE
TARANI ALIKE JOHNSON
For the Tarani Alike Johnson Estate Living Trust
Capacity: Trustee

Witness/Attestation: ________, Trust Protector
Name: Robert Kenji Laurie

Expressly Reserving All Liberties

# SCHEDULE A
# ESTATE-WIDE ACCOUNTING AND SETTLEMENT LEDGER

| Item / Account | Claimant / Custodian | Identifier / Docket | Opening Balance | Credits / Adjustments | Final Balance | Classification | Closing Instrument / Repository |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## SCHEDULE B - BONDS / BEARER INSTRUMENTS / SECURITIES ACCOUNTING

| Related Account / Case | Instrument Type | Issuer / Obligor | Beneficiary / Custodian | Identifier | Face Amount | Issue / Maturity | Proceeds / Credits | Status / Disposition |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |